11792

STATE v. SHARPE

(128 S. E., 722)

1. INDICTMENT AND INFORMATION—COUNT CHARGING OFFICIAL MISCON-
DUCT, WHICH SPECIFIED DIFFERENT TRANSACTIONS CONSTITUTING MIS-
CONDUCT, HELD NOT DUPLICITOUS.—Count of indictment for violating
Cr. Code, 1922, § 472, punishing official misconduct, was not dupli-
citous or multifarious, because it set out various specific vouchers
which it was alleged that the defendant falsely made up, approved,
and then procured their payment, since count only charged one of-
fense based on specific transactions.

2. CRIMINAL LAW—COUNT SETTING OUT DIFFERENT TRANSACTIONS CON-
STITUTING OFFICIAL MISCONDUCT HELD NOT TO REQUIRE ELECTION.—
Count of indictment for violating Cr. Code, 1922, § 472, punishing
official misconduct, which count specified separate and distinct
vouchers, alleged to have been falsely made up and approved by
defendant, who then procured their payment, did not charge sep-
arate and distinct offenses within rule requiring that, where several
offenses charged do not grow out of same transaction, prosecuting
officer will be required to elect on which count he will proceed.

Before DeVore, J., Lexington, June, 1924. Affirmed.

Julius E. Sharpe was convicted of violating Criminal
Code 1922, Sec. 472, punishing official misconduct, and he
appeals.

The first count of the indictment was as follows:

"That Julius E. Sharpe, late of the County and State
aforesaid, on the 7th day of February, in the year of our
Lord one thousand nine hundred and twenty-two, and on
divers other days, both before and up to the finding of this
inquisition, with force and arms, at Lexington, in the
County and State aforesaid, did commit the crime of official
misconduct, in this: The said Julius E. Sharpe who was
and is now the duly elected and qualified Superintendent of
Education of Lexington County, said State, and as such
was and is chairman of the County Board of Education of
the said County, and whose duty and authority as such Su-
perintendent was limited to a single election district, to

wit, the County of Lexington, and he, the said Julius E. Sharpe, whose duty it was to approve all vouchers drawn on the county school funds for payment, made up numerous false, unlawful and fraudulent claims against Lexington County and different school districts of said County and procured the signature of Chas. E. Taylor, a member of the County Board of Education of said County, on said false and fraudulent vouchers, and did then and there falsely, fraudulently, corruptly and unlawfully examine, approve and order to be paid divers false claims against the said County of Lexington, and various school districts of said County, which said false, fraudulent and unlawful claims were then and there for examination and approval by the said Julius E. Sharpe, Superintendent of Education of said County of Lexington and he, the said Julius E. Sharpe, after approving and ordering said false and fraudulent claims paid, did willfully and unlawfully, without authority of the payees named in said vouchers, indorse the names of said payees thereon and receive from the Treasurer of Lexington County, the money for same and appropriated the same to his own use with intent to cheat and defraud the County of Lexington and the said school districts therein, in the following particulars, to wit:

. "County Superintendent of Education Voucher No. 957 for seventy-four and fifty-hundredths ($74.50) dollars, dated May 25, 1922, payable to the Columbia Office Supply Co., and indorsed 'Columbia Office Supply Co., by J. E. S. Co. Supt. Agent.'

"County Superintendent of Education Voucher No. 213, dated September 25, 1922, for thirty-five and ten-hundredths ($35.10) dollars, payable to the Columbia Office Supply Co., and indorsed 'Columbia Office Supply Co., by Julius E. Sharpe.'

"County Superintendent of Education Voucher No. 350, dated October 31, 1922, payable to the Columbia Office Supply Co., and indorsed across the back thereof 'Columbia

Office Supply Co., by J. E. S.,' the same being for the sum of forty-three and fifty-hundredths ($43.50) dollars.

"County Superintendent of Education Voucher No. 586, dated November 29, 1922, for forty-two and fifty-hundredths ($42.50) dollars, payable to Columbia Office Supply Co., and indorsed across the back thereof 'Columbia Office Supply Company, by J. E. S.'

"County Superintendent of Education Voucher No. 1020, dated February 8, 1923, for thirty-seven and fifty-hundredths ($37.50) dollars, payable to Columbia Office Supply Co., and indorsed across the back thereof 'Columbia Office Supply Co., by J. E. Sharpe.'

"County Superintendent of Education Voucher No. 952, dated May 15, 1923, payable to Beck Duplicator Co., for thirty and no-hundredths ($30.00) dollars, and indorsed across the back thereof 'Beck Duplicator Co., by J. E. S. Agent.'

"And there are divers other false vouchers not necessary here to be mentioned, all of which the said Julius E. Sharpe, then and there, well knew the said claims to be false, fraudulent and unlawful and that the County of Lexington, at the times mentioned, did not owe the said sums of money stated, and the payees named in said vouchers had no such claims or demands against the County of Lexington; the said Julius E. Sharpe did then and there willfully and unlawfully with intent to cheat and defraud the County of Lexington appropriated to his own use and benefit various large sums of money of said County, and certain school districts of said County against the form of the statute in such cases made and provided and against the peace and dignity of the State."

*Messrs. B. J. Wingard, Timmerman & Graham* and *Efird & Carroll,* for appellant, cite: *State relied on:* 65 S. C., 179. *Indictment defective:* 5 S. C., 124; 2 Brev., 487. *State should have been made to elect on which count it*

*would go to trial on:* 54 S. C.. 181; 32 S. C.. 91; 24 S. C., 143. ·

*Mr. T. C. Callison, Solicitor,* for the State.

June 30, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant was indicted for violation of Section 472 of Volume 2, Code 1922, which is as follows:

"Any public officer hereafter to be elected or appointed, whose authority is limited to a single election or judicial district, who shall be guilty of an official misconduct, habitual negligence, habitual drunkenness, corruption, fraud or oppression, shall be liable to indictment, and, upon conviction thereof, shall be fined not exceeding one thousand dollars and imprisoned not exceeding one year."

The defendant demurred to the indictment and moved to quash. His position having been "sustained in part and overruled in part," the defendant thereupon moved to require the State to elect, which motion was refused. From the rulings of the trial Judge the defendant appeals upon exceptions which are, in substance, as follows: (1) That "the Court erred in refusing to sustain the demurrer and quash the first count of the indictment on the grounds of duplicity and multifariousness"; and (2) that "the Court erred in refusing defendant's motion to require the State to elect upon which of the charges of official misconduct, contained in the first count of the indictment, it would go to trial," in that defendant could not "be required to answer to more than one specific offense under any one count in an indictment."

Let the first count of the indictment be set out in the report of the case. On the defendant's motion to quash, the Court held as follows:

"Now under this indictment in the first count it alleges official misconduct that is charged against this party, and

specified every item which here says was official misconduct, and gives the defendant full notice of what the State expects to prove, in order to show that he has been guilty of official misconduct, and, that being so, I think the first count of the indictment is good, except as to this: I think this ought to go out, or you can allow it to stay in, but I will not allow any testimony to go in as to that. I think this ought to° go out: 'And there are divers other false vouchers not necessary here to be mentioned.' I think it is necessary to mention them."

We think Judge DeVore's construction of the first count of the indictment, to the effect that it charged the one crime of official misconduct, based upon the specific acts and transactions therein set out, was clearly correct. Of the trial Court's ruling requiring that proof of the crime charged should be confined to the specific acts of official misconduct set out in the indictment, defendant, certainly, has no right to complain. The nature of the crime charged is obviously such that it might be established by proof of one or more separate and distinct acts or transactions, involving official dereliction to or a breach of duty. Under the indictment as here framed, proof of all of the specific acts charged would make the defendant guilty, not of separate and distinct crimes, but of the one crime of official misconduct, denounced by the statute. And there can be no doubt that an acquittal under such indictment would effectually bar a subsequent prosecution for the crime of official misconduct, based upon any of the specific acts or transactions therein set out. It follows that the count cannot be held bad for duplicity or multifariousness, and appellant's first exception must be overruled. See *State v. Jaques,* 65 S. C., 178; 43 S. E., 515; Section 89, Code Crim. Proc., 1922.

The foregoing view requires that the appellant's second exception, charging error in refusing to require the State to elect upon which of the alleged charges.

of official misconduct it would go to trial, shall likewise be overruled. Under the indictment as framed, the separate and distinct acts and transactions set out in count 1 are made the basis of the one offense or crime charged, that of official misconduct, and may not properly be construed as separate and distinct offenses within the purview of the rule requiring that, where "several offenses charged do not grow out of the same transaction," the prosecuting officer may be required to elect "upon which count he will proceed." *State v. Sheppard,* 54 S. C., 178, 181; 32 S. E., 146. Hence, under the indictment as laid, the defendant could ·not be convicted of "more than one offense," and the rule invoked· by appellant under the authority of *State v. Hutchings,* 24 S. C., 142, and *State v. Howard,* 32 S. C., 91, 94; 10 S. E., 831, has no application.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN concur.