21946

The STATE, Respondent, v. Arthur HESS, Appellant.

(309 S. E. (2d) 741)

*J. Marvin Mullis, Jr.,* of *Law Offices of J. Marvin Mullis, Jr.,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia; and *Sol. Norman E. Fogle,* Orangeburg, *for respondent.*

July 7, 1983.

LEWIS, Chief Justice:

Appellant, the former Chief of the Columbia Police Department, was found guilty on two indictments, one charging obstruction of justice and the other alleging misconduct in office. Bribery and extortion charges led to verdicts of not guilty. We affirm the first conviction and vacate the second.

The facts of this case have been previously summarized in *State v. Hess,* (1983), S. C., 301 S. E. (2d) 547. That case was

tried in Lexington County, and appellant was convicted on two indictments for misconduct in office, the indictments specifically charging that on two occasions appellant had corruptly provided police information to one Joel Hendrix, reputed to be a key figure in local criminal activities. Appellant had also been charged with accepting a bribe, extortion and obstruction of justice, but the Lexington County jury found him not guilty on those indictments.

In *State v. Hess, supra,* this Court closely reviewed the testimony and held that, "the key issue of fact for determination by the jury was the true intent or motive behind appellant's actions." We concluded that the record supported a finding of corrupt intent, and we further stated that, "Having found bad faith and corrupt intent, the jury could then proceed to determine whether or not the requisite elements of bribery, extortion, obstruction of justice and official misconduct had been proven under each of the separate indictments."

On this appeal it is argued that indictment and trial for offenses alleged in Calhoun County should be barred by the Lexington County verdict. The records of the two cases are strikingly similar; indeed they are identical in several places. The Calhoun County charges are both based upon meetings between appellant and Joel Hendrix on October 11th and 18th in the course of which appellant provided information in return for a payment of One Thousand ($1,000.00) dollars. The State offered testimony to show that part of the information actually compromised an undercover investigation, thus constituting obstruction of justice, and that the remaining revelations amounted to misconduct in office. Appellant disputed the charge of a compromise, offering evidence that the undercover investigation had already been unmasked by independent events. Appellant also contended, as he had in Lexington County, that his sole purpose had been to lure Hendrix into acts of bribery as a legitimate means to combat his various operations.

Appellant urges that the doctrine of collateral estoppel ■ should apply to this case as it did in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. (2d) 469. We disagree, since we read the Lexington County record differently from the appellant. Where he contends that the jury rejected

allegations of corrupt intent, we have expressly stated that this ultimate fact was found adversely to appellant. For whatever reason, the jury thereafter found evidence of misconduct, under the trial court's instructions, but insufficient proof of bribery, extortion and obstruction of justice as alleged.

We agree, however, with appellant's contention that the Calhoun County prosecution for misconduct in office resulted in double jeopardy for a single offense. In *State v. Hess, supra,* this Court discussed the common law offense of misconduct in office. Applied to the facts of that case, we found that the appellant had breached a duty of accountability, as that duty has developed in such jurisdictions as New Jersey. We were not called upon to explore all aspects of misconduct in office, for it was sufficient on that occasion to ascertain that the jury verdict comported with the evidence and the instructions of the trial court.

We now take note of another feature to misconduct in office, which is its versatile nature. The offense may consist of one act or a series of acts. *Hitzelberger v. State,* 174 Md. 152, 197 A. 605, 609. In *State v. Sharpe,* 132 S. C. 236, 240, 128 S. E. 722, this Court upheld a misconduct indictment against the complaint that more than one instance of falsifying vouchers was listed under a single count. There being only one crime, provable by a series of acts, our Court found the indictment to be sound against the claim of duplicity or multifariousness. In *State v. Bolitho,* 103 N.J.L. 246, 136 A. 164, 172, affirmed, 104 N.J.L. 446, 146 A. 927, the courts of New Jersey spoke of malfeasance or misconduct in office as an offense that can be "continuous" in nature capable of indictment in a single count, "even though such acts were committed on different days, and differ in their nature and constitute distinct offenses against the law, so long as they are cognate to the charge of official misconduct." The *Bolitho* court upheld the prosecutorial decision to cast potentially distinct offenses as instead a series of acts constituting a single crime. *See also State v. Weleck,* 10 N.J. 355, 91 A. (2d) 751, 761.

The record of appellant's Lexington County trial, notwithstanding the separate indictments, is some indication that the State considered him guilty of a continuing offense. Indeed, the specific act of misconduct for which he has now been

convicted in Calhoun County was proven by the same testimony as an integral part of the State's case in Lexington County, all over objection of the defendant. In *State v. Hess, supra,* we held that the State was entitled to make its case in this way. Having made this choice, however, the State must now live with the consequence.

As a general rule, only one prosecution is permissible for a continuing offense. 21 Am. Jur. (2d), Criminal Law Section 267. It has been said that, "A prosecution upon a charge laid at a date prior to a former indictment is barred by an acquittal or conviction upon such former indictment, when the offense charged is a continuing one." Wharton's Criminal Law (14th Ed.) Section 59, p. 311, note 40. We find in this case, given the circumstances of the offense and given the sequence of indictments and the course of previous prosecution, that the appellant has once been found guilty of a continuing offense (misconduct in office). Retrial upon this charge, especially alleging acts prior to the former indictment, violates the rule of former jeopardy. *State v. Kirby,* 269 S. C. 25, 236 S. E. (2d) 33 (and cases cited). Accordingly we vacate the present conviction of the appellant upon the charge of misconduct in office.

The charge of obstructing justice presents a distinct complex of issues from that of misconduct in office. It is true that the State presented virtually the same testimony in both the Lexington and Calhoun County proceedings with regard to an undercover investigation of the J-and-J Grocery store in Columbia during September and October of 1980. The testimony strongly suggests that appellant's revelations to Hendrix resulted in compromise of the investigation and even some endangerment of the police officer involved.

It is clear that this evidence had no relevance to the issue of appellant's intentions since it simply indicated the alleged result of his actions. Likewise the evidence had no bearing on any of the indictments tried in Lexington County. Had the defendant objected to the police officer's testimony in the Lexington trial, it would have properly been excluded. No objection was made. Thus, when the appellant was charged in Calhoun County with obstruction of justice on this specific set of facts, there was no prior indictment or adjudication upon which he could rely for purposes of former

jeopardy. We find, therefore, that no bar existed to prosecution of the appellant in Calhoun County for obstruction of justice occurring therein.

Appellant has presented twenty-three additional exceptions. Claiming adverse pre-trial publicity, he excepts to two rulings of the trial court which declined to dismiss all charges. No motion for change of venue was made nor any effort to establish through voir dire an actual prejudice arising from the cited publications. Given these circumstances, the trial court acted properly.

Three exceptions were taken to statements of the trial judge and of the prosecutor made during the proceedings. In each instance we find the trial court exercised sound discretion and sufficiently protected defendant against prejudice. Particularly was this so when the trial judge reminded the jury during the State's closing argument that such arguments by counsel were not to be taken as evidence. By way of eight further exceptions, appellant complains of rulings which limited his presentation of evidence concerning his own prior record of honesty as well as the nefarious activities of Joel Hendrix. Virtually identical exceptions were taken in *State v. Hess, supra,* and we hold in this case also that the trial judge soundly applied rules of relevancy and limitations upon cumulative evidence.

Appellant complains that transcripts of tape recordings used during trial placed undue emphasis upon evidence of his meeting with Joel Hendrix. We hold in this case, as we did on the prior appeal, that no prejudice arose from use of these tapes given appellant's concession that the events were accurately portrayed. Appellant sought to quash the indictments based upon unsubstantiated allegations that charges of racial prejudice were falsely placed before the Grand Jury. The trial court exercised sound discretion in refusing to disclose these proceedings upon such claims. Appellant urges that the trial court refused several requested jury charges, all to his prejudice. We find that the trial court amply, if not generously, dealt with questions of reasonable doubt, credibility and circumstantial evidence. Appellant was acquitted of bribery charges, hence denial of his proposed charge on that point worked no prejudice. The remaining requests are supported by no authority and were properly refused.

We find that appellant's remaining exceptions either have no basis in the record or reveal no error of law and that a written opinion upon these issues would be of no precedential value.

Accordingly, we affirm conviction of appellant upon Count III of the indictment (obstruction of justice) and vacate his conviction upon Count IV (misconduct in office).

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.