21773

David Junior SUMMERALL, Appellant, v. STATE of South Carolina, Respondent.
(294 S. E. (2d) 344)

*Asst. Appellate Defender David W. Carpenter*, of *S. C. Com'n of Appellate Defense*, Columbia, and *Public Defender J. Redmond Coyle*, Pickens, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. William K. Moore* and *Donald J. Zelenka*, Columbia, *for respondent.*

Aug. 9, 1982.

*Per Curiam:*

Appellant pled guilty to three counts of receiving stolen goods. He was sentenced to consecutive terms of one year, two years and seven years, suspended upon the service of four years with five years probation and $1,000 restitution. This appeal is from denial, after a hearing, of Post-Conviction

Relief. We affirm the guilty plea on the first count. We vacate the remaining pleas and remand for further proceedings.

Appellant was charged in three separate indictments for the three counts. The first indictment was presented to the grand jury and duly acted on by them. That indictment is not in issue here. The remaining two indictments were not presented to the grand jury.

Code of Laws of South Carolina Ann. §§ 17-23-120 to 140 (Supp. 1981) require that a criminal defendant must sign a waiver of indictment before pleading guilty to an indictment which has not been presented to the grand jury. Through an administrative error, appellant never signed the waivers.

By their plain language, §§ 17-23-130 and 140 make a written waiver of presentment of indictments not presented to a grand jury mandatory before the trial judge can accept the plea. We therefore hold appellant's failure to properly execute the waivers renders the pleas invalid.

The plea on indictment number 79-GS-39-960 is affirmed. The pleas on the two indictments not presented to the grand jury are vacated and the case remanded for further proceedings consistent with this opinion.