22058

James H. PHILLIPS, Appellant, v. STATE of South Carolina, Respondent.
(314 S. E. (2d) 313)

Supreme Court

*Appellate Defender John L. Sweeny*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Donald J. Zelenka* and *Larry L. Vanderbilt*, Columbia, *for respondent.*

March 19, 1984.

NESS, Justice:

Appellant, John H. Phillips, pled guilty to assault and battery of a high and aggravated nature and robbery, receiving consecutive sentences of five and ten years, respectively. He now appeals from the denial of his application for post-conviction relief, contending his failure to sign a waiver of indictment, as required by S. C. Code Ann. §§ 17-23-130 and 140 (1983 supp.), invalidated his guilty plea. We agree and reverse.

Appellant was indicted for kidnapping and robbery. After plea negotiations, the State allowed him to plead guilty to assault and battery, rather than kidnapping, but did not present the assault charge to the grand jury.

"By their plain language, §§ 17-23-130 and 140 make a written waiver of presentment of indictments not presented to a grand jury mandatory before the trial judge can accept the plea." *Summerall v. State*, 278 S. C. 255, 256, 294 S. E. (2d) 344 (1982).

Our decision in *State v. Suttles*, 279 S. C. 87, 302 S. E. (2d) 338 (1983) is inapplicable to the present situation, as we hold assault and battery of a high and aggravated nature is not a lesser included offense of kidnapping. Conse-

quently, we vacate the assault and battery plea and remand for further proceedings consistent with *Summerall.*

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

HARWELL, J., disqualified and not participating.