517 S.E.2d 713

The STATE, Respondent,

v.

Clyde ELLIOTT, Appellant.

No. 2987.

Court of Appeals of South Carolina.

Heard April 14, 1999.

Decided May 3, 1999.

Rehearing Denied June 26, 1999.

Assistant Appellate Defender Melody J. Brown, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney Gener-

al Salley W. Elliott and Assistant Attorney General G. Robert DeLoach, III, all of Columbia; and Solicitor Randolph Murdaugh, of Hampton, for respondent.

GOOLSBY, Justice:

Clyde Elliott appeals his conviction for assault and battery of a high and aggravated nature (ABHAN). We vacate.

## FACTS

On June 23, 1997, a Colleton County grand jury indicted Clyde Elliott on one count of assault with intent to commit criminal sexual conduct (CSC) in the first degree.[1] At trial, the indictment was amended to assault with intent to commit CSC in the third degree. In addition to an appropriate instruction on assault with intent to commit CSC third, however, the trial court instructed the jury on ABHAN as a lesser included offense. Elliott did not object to the court's charge. The jury subsequently convicted Elliott of ABHAN, and the trial court sentenced him to seven years imprisonment, suspended on service of four and two years probation. Elliott now appeals.

## DISCUSSION

Elliott argues the trial court lacked subject matter jurisdiction to convict and sentence him for ABHAN, because ABHAN is not a lesser included offense of assault with intent to commit CSC third. We agree.

In order for the trial court to have jurisdiction to convict Elliott for ABHAN when he was indicted for assault with intent to commit CSC third, ABHAN would have to be a lesser included offense of assault with intent to commit CSC third. *Murdock v. State*, 308 S.C. 143, 144, 417 S.E.2d 543, 544 (1992) (circuit court does not have subject matter jurisdiction to convict a defendant "unless there has been an indictment, a waiver of indictment, or unless the charge is a lesser included offense of the crime charged in the indictment"). ABHAN can be a lesser included offense of assault with intent to commit CSC third only if assault with intent to commit CSC third contains all the elements of ABHAN. *Carter v. State*,

---

1. S.C.Code Ann. § 16–3–656 (1985).

329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998) ("The test for determining when a crime is a lesser included offense is whether the greater of the two offenses includes all the elements of the lesser offense.").

One element of ABHAN is a battery. *State v. Murphy*, 322 S.C. 321, 325, 471 S.E.2d 739, 741 (Ct.App.1996) (holding ABHAN includes an element of "a completed act of violence" or "touching of the victim"). Battery, however, is not an element of assault with intent to commit CSC third. *State v. Morris*, 289 S.C. 294, 295 n. 1, 345 S.E.2d 477, 477 n. 1 (1986) (" 'Assault with intent to commit criminal sexual conduct . . . shall be punishable as if the criminal sexual conduct was committed.' Battery is thus not a necessary element of this offense. . . .").[2] Consequently, ABHAN cannot be a lesser included offense of assault with intent to commit CSC third, and the circuit court was without jurisdiction to convict Elliott of ABHAN.

**VACATED.**

HOWELL, C.J., and CONNOR, JJ., concur.

---

**2.** In *State v. Morris*, the South Carolina Supreme Court stated in dicta that ABHAN "was properly submitted to the jury as a lesser included offense under" an indictment for assault with intent to commit CSC first. *Morris* at 295 n. 1, 345 S.E.2d at 477 n. 1. The indictment in *State v. Morris*, however, alleged "assault *and battery* . . . with intent to commit a sexual battery." *Compare* Record on Appeal at 77, *Morris*, (No. 22561) *with Morris* at 295 n. 1, 345 S.E.2d at 477 n. 1. Here there is no allegation of a battery in the indictment.