523 S.E.2d 817

**The STATE, Respondent,**

v.

**Edward M. CLARKSON, Appellant.**

**No. 3069.**

Court of Appeals of South Carolina.

Submitted Oct. 5, 1999.

Decided Nov. 8, 1999.

Rehearing Denied Dec. 25, 1999.

Assistant Appellate Defender Robert M. Dudek, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

HEARN, Judge:

Edward M. Clarkson contends his oral waiver of indictment failed to comply with statutory requirements thus rendering the circuit court without jurisdiction to hear his guilty plea to assault and battery of a high and aggravated nature (ABHAN). We agree.[1]

## FACTS

Clarkson furnished alcoholic beverages to five minor, male victims and bought the victims numerous gifts. Clarkson performed oral sex on two victims. He also grabbed one victim's genitals which served as the basis for the ABHAN charge.

The grand jury indicted Clarkson for two counts of second degree criminal sexual conduct (CSC) with a minor, eleven counts of contributing to the delinquency of a minor, and one count of assault with intent to commit second degree CSC

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

with a minor. However, Clarkson pled guilty to two counts of second degree CSC with a minor, eleven counts of contributing to the delinquency of a minor, and one count of ABHAN. Because Clarkson pled to a non-indicted offense, ABHAN, the trial judge explained Clarkson's right to have a grand jury present a formal indictment for the ABHAN charge. In open court and on the record, Clarkson orally waived his right to a formal indictment. The trial judge accepted Clarkson's plea and sentenced him to twenty years for each count of second degree CSC with a minor, two years for each count of contributing to the delinquency of a minor, and five years for ABHAN, with all the sentences to run concurrently.

Clarkson's counsel filed an appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We directed the parties to brief two issues: (1) whether Clarkson's oral waiver of indictment in open court transcribed by the court reporter constituted a sufficient written waiver of indictment and (2) whether ABHAN constitutes a lesser included offense of assault with intent to commit second degree CSC with a minor.

## DISCUSSION

■ We first address Clarkson's contention the circuit court lacked subject matter jurisdiction to hear his guilty plea to ABHAN because Clarkson's oral waiver of indictment failed to satisfy statutory requirements. *See Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998) ("Issues related to subject matter jurisdiction may be raised at any time.").

■ South Carolina's criminal code requires a defendant to sign a written waiver of indictment before pleading guilty to an indictment not presented to the grand jury. *Summerall v. State*, 278 S.C. 255, 256, 294 S.E.2d 344 (1982); *see also Phillips v. State*, 281 S.C. 41, 42, 314 S.E.2d 313, 314 (1984) ("By their plain language, §§ 17–23–130 and 140 make a written waiver of presentment of indictments not presented to a grand jury mandatory before the trial judge can accept the plea." (quoting *Summerall*, 278 S.C. at 256, 294 S.E.2d at 344)). Although Clarkson's trial transcript arguably produced a written waiver of indictment, Clarkson never signed a written waiver. The South Carolina Supreme Court strictly construes the requirement of a signed, written waiver of

indictment. *See Summerall,* 278 S.C. 255, 294 S.E.2d 344 (holding a guilty plea invalid where appellant failed to sign a waiver of indictment because of an administrative error); *State v. McNeil,* 314 S.C. 473, 475, 445 S.E.2d 461, 462 (Ct.App.1994) (noting the South Carolina Supreme Court strictly construes the requirement of a written waiver of indictment). Therefore, Clarkson's oral waiver of indictment failed to comply with statutory requirements.[2]

■ Because Clarkson's attempted waiver of indictment is invalid, we must vacate his guilty plea to ABHAN unless

---

2. While certain states do permit a defendant to orally waive his right to indictment in open court, rather than through signing a written waiver, those states provide for such procedure by statutory or constitutional provision. An illustrative, although not comprehensive, list follows. *See, e.g.,* Miss. Const. art. III, § 27 ("No person shall, for any indictable offense, be proceeded against criminally by information, except ... where a defendant represented by counsel by sworn statement waives indictment."); N.M. Const. art. XX, § 20 ("Any person held by a committing magistrate to await the action of the grand jury on a charge of felony or other infamous crime, may in open court with the consent of the court and the district attorney, to be entered upon the record, waive indictment and plead to an information in the form of an indictment filed by the district attorney...."); Delaware Super.Ct.Crim.Rule 7(b) ("An offense within the exclusive jurisdiction of Superior Court other than a capital crime may be prosecuted by information if the defendant, after having been advised of the nature of the charge and of the rights of the defendant, waives in writing *or* in open court prosecution by indictment." (emphasis added)); District of Columbia Super.Ct.Rules of Crim.P. 7(b) ("An offense which may be punished by imprisonment for a term exceeding 1 year may be prosecuted by information if the defendant, after having been advised of the nature of the charge and of the rights of the defendant, waives in open court prosecution by indictment."); Tex.Crim.P.Code Ann. art. 1.141 (West 1997) ("A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony."); *Jefferson v. Mississippi,* 556 So.2d 1016 (Miss.1989) (finding a sufficient waiver of indictment where defendant appeared before the court under oath and entered a guilty plea to grand larceny even though charged with the burglary of two automobiles); *but see Balkcom v. McDaniel,* 234 Ga. 470, 216 S.E.2d 328 (1975) (holding a specific written waiver of indictment is not required when defendant is pleading guilty to a noncapital felony even though the relevant statute required a written waiver (citing a precursor to Ga.Code Ann. § 17-7-70 (1998) which now states: "In all felony cases, other than cases involving capital felonies, ... the district attorney shall have authority to prefer accusations, and such defendants shall be tried on such accusations, provided

ABHAN is a lesser included offense of assault with intent to commit second degree CSC with a minor. *See Carter* 329 S.C. at 362, 495 S.E.2d at 777 (noting a circuit court has subject matter jurisdiction to hear a guilty plea when the crime pled to is a lesser included offense of the crime indicted for).

■ "The test for determining when a crime is a lesser included offense is whether the greater of the two offenses includes all the elements of the lesser offense." *Carter,* 329 S.C. at 363, 495 S.E.2d at 777. Therefore, intent to commit second degree CSC with a minor must contain all the elements of ABHAN for ABHAN to constitute a lesser included offense of assault with intent to commit second degree CSC with a minor. *See State v. Elliott,* 335 S.C. 512, 517 S.E.2d 713, 714 (1999) (analyzing whether ABHAN constituted a lesser included offense of assault with intent to commit third degree CSC).

■■ Battery is an element of ABHAN. *Elliott, supra.* Battery is not an element of assault with intent to commit second degree CSC with a minor. *Id.* (holding battery is not an element of assault with intent to commit third degree CSC); S.C.Code Ann. § 16–3–656 (1985); *see also State v. Morris,* 289 S.C. 294, 295 n. 1, 345 S.E.2d 477 n. 1 (1986) (noting battery is not a necessary element of assault with intent to commit CSC).[3] Therefore, ABHAN fails to constitute a lesser included offense of assault with intent to commit

---

that defendants going to trial under such accusations shall, in writing, waive indictment by a grand jury.")).

**3.** In *State v. Morris,* 289 S.C. 294, 345 S.E.2d 477 (1986), the South Carolina Supreme Court implicitly upheld a trial court's decision to submit ABHAN to the jury as a lesser included offense even though the grand jury indicted defendant for assault with intent to commit first degree CSC because, although battery is not an element for assault with intent to commit first degree CSC, South Carolina's criminal code provides that "[a]ssault with intent to commit criminal sexual conduct ... shall be punishable as if the criminal sexual conduct was committed." S.C.Code Ann. § 16–3–656 (1985). However, the *Morris* case is distinguishable from the present case because, in *Morris,* the original indictment was for "Assault *and Battery* with Intent to Commit a Sexual Battery." *Morris,* 289 S.C. at 295 n. 1, 345 S.E.2d at 477 n. 1. (emphasis added). Clarkson's indictment was for assault with intent to commit second degree CSC with a minor, rather than assault and battery, thus distinguishing *Morris* from the present case. *See Elliott,* 517 S.E.2d at 714 n. 2 (distinguishing the *Morris* case because Elliott's indictment lacked an allegation of battery).

second degree CSC with a minor and the circuit court was without jurisdiction to accept Clarkson's guilty plea to ABHAN. *See Carter, supra.*

Because Clarkson's waiver of indictment was procedurally deficient and ABHAN fails to constitute a lesser included offense of assault with intent to commit second degree CSC with a minor, the circuit court lacked subject matter jurisdiction to hear Clarkson's guilty plea to ABHAN. *See Carter, supra.* We therefore vacate Clarkson's guilty plea to ABHAN.

Clarkson further contends vacating the ABHAN conviction necessitates vacating his remaining guilty pleas, arguing all pleas were entered into as a package deal. We find no merit to this contention. The trial judge conducted a thorough guilty plea hearing and Clarkson failed to object at any time during the hearing. *See State v. Hoffman,* 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) (holding a contemporaneous objection is required to properly preserve an error for appellate review and an issue which is not properly preserved cannot be raised for the first time on appeal). Therefore, we uphold the remaining guilty pleas.

**VACATED IN PART AND AFFIRMED IN PART.**

CURETON and HOWARD, JJ., concur.