566 S.E.2d 528

**Maurice Anthony ODOM, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25490.

Supreme Court of South Carolina.

Submitted May 30, 2002.

Decided July 1, 2002.

Senior Assistant Appellate Defender Wanda H. Haile, of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Kenneth P. Woodington, all of Columbia, for respondent.

MOORE, Justice:

■ We granted a writ of certiorari in this post-conviction relief (PCR) case[1] to consider whether an oral waiver of presentment is sufficient to bestow subject matter jurisdiction on the trial court. We find it is not and reverse the denial of PCR.

## FACTS

Petitioner Odom pled guilty to second degree criminal sexual conduct with a minor. At the plea hearing, the Solicitor alerted the trial judge that the indictment had not been true billed. The trial judge then questioned petitioner as follows:

THE COURT: This case involving criminal sexual conduct has not been before the grand jury. It takes twelve of eighteen people to get it into court. You've indicated you want to give up that right and go ahead and plead guilty. Is that what you'd like to do?

---

1. Counsel filed a no-merit brief pursuant to *Johnson v. State,* 294 S.C. 310, 364 S.E.2d 201 (1988). We denied counsel's request to be relieved and ordered briefing.

THE DEFENDANT: Yes, sir.

Petitioner subsequently sought PCR on the ground the trial court was without subject matter jurisdiction because there was no written waiver of presentment. The PCR judge denied relief. He found petitioner had orally waived presentment and this oral waiver was adequate.

## DISCUSSION

In the absence of an indictment, there must be a valid waiver of presentment for the trial court to have subject matter jurisdiction of the offense. *State v. Evans*, 307 S.C. 477, 415 S.E.2d 816 (1992).

South Carolina Code Ann. § 17–23–130 (1985) provides that "the clerk shall have the defendant *sign* a waiver of the presentment by the grand jury and his plea of guilty." Similarly, S.C.Code Ann. § 17–23–140 (1985) provides that "upon *signing* the waiver of presentment" the defendant may plead guilty. We have held compliance with these sections is mandatory and, further, that they require a written waiver. *Phillips v. State*, 281 S.C. 41, 314 S.E.2d 313 (1984); *State v. Martin*, 278 S.C. 256, 294 S.E.2d 345 (1982); *Summerall v. State*, 278 S.C. 255, 294 S.E.2d 344 (1982); *see also State v. Clarkson*, 337 S.C. 518, 523 S.E.2d 817 (Ct.App.1999), *rev'd on other grounds*, 347 S.C. 115, 553 S.E.2d 450 (2001).

In light of the statutory language requiring the defendant to sign a waiver of presentment, we find an oral waiver is not sufficient. The trial court had no subject matter jurisdiction to accept petitioner's plea. Accordingly, the denial of PCR is reversed and petitioner's plea is hereby vacated.

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.