THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Clifford Thompson,       
Appellant.
 
 
 

Appeal From Berkeley County
James E. Lockemy, Circuit Court Judge

Unpublished Opinion No.
2003-UP-252
Submitted January 29, 2003  Filed April 
 3, 2003

AFFIRMED IN PART AND VACATED IN PART

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia; 
 for Appellant.
Attorney General Henry Dargan 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Charles H. Richardson, of Columbia; Ralph E. Hoisington, of Charleston; 
 for Respondent.
 
 
 

PER CURIAM:  Clifford Thompson pled guilty 
 to six counts of armed robbery and four counts of kidnapping.  He received concurrent 
 sentences of twenty-five years imprisonment for each charge.  Thompson appeals.
FACTS
Thompson was charged with kidnapping and armed 
 robbery offenses in Berkeley, Charleston, Lexington, and Richland Counties.  
 Pursuant to a plea agreement, Thompson entered guilty pleas to all the charges 
 in one proceeding held in Charleston County.  On appeal, Thompson does not raise 
 any issue with respect to the guilty pleas for the charges in Berkeley, Lexington, 
 or Richland counties.
At the plea hearing, the judge discussed with Thompson 
 his right to have jury trials in each of the four counties.  Thompson stated 
 he wanted the judge to handle all of the charges against him.  The plea judge 
 also informed Thompson that he could have the two Charleston County indictments 
 presented to the grand jury.  Thompson orally waived presentment.  The plea 
 judge ascertained that Thompson was satisfied with counsel, then explained:  
 the elements of the charged offenses, the maximum possible sentences, and the 
 rights associated with a jury trial.
The plea judge accepted Thompsons pleas, finding he freely 
 and voluntarily waived his rights to a jury trial, and that he freely and voluntarily 
 waived [his] rights to the grand jury presentment in regard to the matters out 
 of Charleston County.  Thompson received an aggregate sentence of twenty-five 
 years imprisonment.  
LAW/ANALYSIS
Thompson argues the lower court did not 
 have jurisdiction over the two Charleston indictments because there were no 
 written waivers of presentment.  We agree.
[I]n the absence of an indictment by the grand 
 jury of the county where the offense was committed or a valid waiver of presentment 
 of indictment, the circuit court lacks subject matter jurisdiction over the 
 offense.  State v. Evans, 307, S.C. 477, 479, 415 S.E.2d 816, 817 (1992).  
 A valid waiver of presentment must be obtained in writing.  Odom v. State, 
 350 S.C. 300, 302, 566 S.E.2d 528, 529 (2002).  An oral waiver is not sufficient.  
 Id.
It is clear that Thompson orally waived presentment 
 to the two Charleston County charges.  However, it is equally clear that there 
 were no written waivers of presentment for these offenses.  The two indictments 
 were neither true-billed nor have a written and signed waiver of presentment 
 upon them.  Thompsons oral waiver was not sufficient to satisfy the requirements 
 of a valid waiver of presentment.  As such, the plea judge lacked jurisdiction 
 to accept the guilty pleas for the two offenses committed in Charleston County.  

CONCLUSION
Based upon the foregoing, the lower court lacked subject 
 matter jurisdiction to accept Thompsons guilty pleas to the kidnapping and 
 armed robbery offenses which occurred in Charleston County.  Accordingly, we 
 vacate the two Charleston County sentences and affirm the remaining eight sentences.
AFFIRMED IN PART AND VACATED IN PART.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.