581 S.E.2d 850

**The STATE, Respondent,**

v.

**Delbert Louis SMALLS, Appellant.**

**No. 3638.**

Court of Appeals of South Carolina.

Heard Feb. 13, 2003.

Decided May 5, 2003.

Rehearing Denied June 26, 2003.

Assistant Appellate Defender Robert M. Pachak of SC Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.

STILWELL, J.:

The Charleston County Grand Jury true-billed an indictment against Delbert Smalls for second-degree lynching. When the case was called to trial, he pled guilty to assault and battery of a high and aggravated nature (ABHAN) rather than the lynching charge.[1] The trial court accepted the guilty plea and sentenced Smalls as a youthful offender to a term of imprisonment not to exceed six years. Smalls appeals, argu-

---

[1]. Smalls simultaneously pled guilty to several other offenses. On appeal of all of the convictions, Smalls' appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the appeal was without merit. This court agreed as to the other charges and dismissed the appeal as it pertained to them, but ordered the parties to brief the issue discussed in this opinion.

ing the trial court lacked subject matter jurisdiction to accept the guilty plea. We agree and vacate the conviction.

## BACKGROUND

Smalls' indictment for second-degree lynching alleges:

That Delbert Louis Smalls did in Charleston County on or about the 2nd day of June, 1998 willfully and unlawfully and feloniously participate as a member of a group consisting of three people in committing an act of violence against the person of Richard Spearing by hitting him with their hands, feet, and a metal chair, in violation of Section 16–3–220 of the South Carolina Code of Laws (1976) as amended.

At trial, Smalls' attorney informed the court that although the charge against Smalls was "listed as a lynching" Smalls was "[p]leading down to an ABHAN." No separate indictment charging Smalls with ABHAN had been prepared. Counsel for Smalls explained, "Your honor, as I understand it, the way that Mr. Smalls is pleading to the ABHAN is actually a waiver on the same piece of paper, on the same sentencing sheet as the lynching second." In questioning Smalls about his intent to waive presentment to the grand jury, the trial court explained to Smalls that "you are indicted for lynching. The question, of course, is whether the ABHAN, which is what the offer is to plead to, has in fact been indicted or is in fact a lesser included offense .... Do you want to waive that right and proceed today on the ABHAN charge or do you want me to send that charge to the grand jury?" Smalls responded: "I waive it." The court then proceeded to accept Smalls' plea.

According to the sentencing sheet, Smalls pled guilty under indictment 1998–GS–10–8378, which included only the charge of second-degree lynching. The indictment was never amended to charge Smalls with ABHAN. The sentencing sheet expressly refers, however, to ABHAN as the crime to which Smalls pled guilty and for which he was sentenced.

## DISCUSSION

█ On appeal, Smalls asserts that because no indictment charging him with ABHAN was ever prepared, his waiver of presentment to the grand jury was insufficient to confer

subject matter jurisdiction upon the trial court to accept his plea of guilty to that charge. We agree.

The South Carolina Constitution provides:

No person may be held to answer for any crime the jurisdiction over which is not within the magistrate's court, unless on a presentment or indictment of a grand jury of the county where the crime has been committed .... The General Assembly may provide for the waiver of an indictment by the accused.

S.C. Const. art. I, § 11.

South Carolina Code Annotated section 17–19–10 states:

No person shall be held to answer in any court for an alleged crime or offense, unless upon indictment by a grand jury, except in the following cases:

(1) When a prosecution by information is expressly authorized by statute;

(2) In proceedings before a police court or magistrate; and

(3) In proceedings before courts martial.

S.C.Code Ann. § 17–19–10 (2003).

Any person arrested upon a warrant for a felony or a non-magistrate level misdemeanor may apply to the clerk of court for immediate disposition of the case. S.C.Code Ann. § 17–23–120 (2003). South Carolina Code Annotated sections 17–23–130 and 17–23–140 govern the disposition of such cases.

Upon receipt by the solicitor of the warrant forwarded to him pursuant to the provisions of § 17–23–120, he *may forthwith prepare a formal indictment* as now provided by law in such cases and shall return it to the clerk of court. The clerk of court shall then notify the sheriff or one of his duly authorized deputies to bring the defendant before the clerk at a time and place to be stated in the notice at which time the clerk *shall have the defendant sign a waiver of the presentment by the grand jury and his plea of guilty; provided,* that no plea shall be entered or made under this

section except by and with the consent of the solicitor of the circuit after investigation by such solicitor.

S.C.Code Ann. § 17–23–130 (2003) (third emphasis in original).

*Upon the defendant's signing the waiver of presentment and the plea of guilty* the clerk of court *shall deliver the indictment* to the sheriff or one of his duly authorized deputies whose duty it shall be to appear before the resident judge of the circuit or presiding judge therein at some convenient time and place, having with him the defendant. And *upon the defendant's acknowledging his plea before the judge the judge shall sentence the defendant as though the indictment had been presented by the grand jury and the plea of the defendant taken at the regular term of the court of general sessions of the county in which the case arose. Provided,* however, that in the event the defendant is charged with a felony, the acknowledgement by the defendant of his plea and the sentencing by the judge shall take place only in open court and shall not take place in chambers.

S.C.Code Ann. § 17–23–140 (2003) (fourth emphasis in original).

Compliance with sections 17–23–130 and –140 is mandatory. *Odom v. State,* 350 S.C. 300, 302, 566 S.E.2d 528, 529 (2002).

Our case law describes the existence of a sufficient true-billed indictment or a valid waiver of presentment as a prerequisite to a valid guilty plea. "Except for certain minor offenses, the circuit court does not have jurisdiction to hear a guilty plea unless there has been an indictment, a waiver of presentment, or unless the charge is a lesser included offense of the crime charged in the indictment." *Hopkins v. State,* 317 S.C. 7, 9, 451 S.E.2d 389, 390 (1994). *See also Odom,* 350 S.C. at 302, 566 S.E.2d at 529 ("In the absence of an indictment, there must be a valid waiver of presentment for the trial court to have subject matter jurisdiction of the offense."). Here, no indictment was prepared stating the offense of ABHAN. Nor was the indictment charging Smalls with second-degree lynching amended to charge him with ABHAN. Additionally, because "circumstances of aggravation" is an element of ABHAN not included in second-degree lynching, ABHAN is not a lesser-included offense of second-degree

lynching. *Knox v. State,* 340 S.C. 81, 84–85, 530 S.E.2d 887, 888–89 (2000); S.C.Code Ann. § 16–3–220 (1985) (defining second-degree lynching as "[a]ny act of violence inflicted by a mob upon the body of another person and from which death does not result"); *State v. Easler,* 327 S.C. 121, 133, 489 S.E.2d 617, 624 (1997) (defining ABHAN as an unlawful act of violent injury to another person accompanied by circumstances of aggravation).

█ Because ABHAN is not a lesser-included offense of second-degree lynching, our inquiry is confined to whether an effective waiver of presentment can occur when no indictment charging the relevant offense was prepared. The plain language of sections 17–23–130 and 17–23–140, viewed in conjunction with the case law governing acceptance of guilty pleas, requires preparation of a formal indictment as a condition precedent to a valid waiver of presentment. *See City of Columbia v. ACLU of S.C., Inc.,* 323 S.C. 384, 387–88, 475 S.E.2d 747, 749 (1996) ("Where the terms of the statute are clear, the court must apply those terms according to their literal meaning."). Inasmuch as no indictment was prepared charging Smalls with ABHAN as required by statute, no valid written waiver of presentment to the grand jury could have been accomplished and, in turn, the trial court was without subject matter jurisdiction to accept the guilty plea. *See Summerall v. State,* 278 S.C. 255, 256, 294 S.E.2d 344, 344 (1982) ("By their plain language, §§ 17–23–130 and 140 make a written waiver of presentment of indictments not presented to a grand jury mandatory before the trial judge can accept the plea."). Because "parties cannot confer subject matter jurisdiction by consent," Smalls' signature on the sentencing sheet was insufficient absent an indictment charging him with ABHAN. *State v. Grim,* 341 S.C. 63, 66, 533 S.E.2d 329, 330 (2000).

**VACATED.**

CURETON and HOWARD, JJ., concur.