THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Kenneth Holston,       
Appellant.
 
 
 

Appeal From Aiken County
James C. Williams, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-593
Submitted September 8, 2003  Filed 
 October 9, 2003

VACATED

Senior Assistant Appellate 
 Defender Wanda H. Haile, Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Charles H. Richardson, and Senior Assistant Attorney General Harold 
 M. Coombs, Jr., all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, 
 for Respondent.
STILWELL, J.:  In this criminal case we 
 must decide whether Kenneth W. Holston, indicted on two counts of first-degree 
 criminal sexual conduct (CSC) with a minor, effectively waived presentment on 
 two counts of committing a lewd act upon a child under the age of sixteen.  
 Holston appeals, arguing the trial court lacked subject matter jurisdiction 
 to accept the guilty pleas.  We agree and vacate. [1] 
Background
Holstons indictments for first-degree criminal 
 sexual conduct with a minor allege that Holston committed sexual batteries upon 
 a seven-year-old girl in violation of S.C. Code Ann. § 16-3-655 (2001).  When 
 Holston appeared before the circuit court, the court recited the information 
 in both indictments, asked Holston if he understood the charges, and asked how 
 Holston wished to plead.  On both indictments, Holston indicated he understood 
 the charges and that he wished to plead guilty.  The trial court then explained:  
 And on each of these, although you are charged with criminal sexual conduct 
 in the first degree, you are being allowed to plead to a lewd act on a minor. 
  No separate indictments charging Holston with lewd act on a minor had been 
 prepared.  At the conclusion of the hearing, the trial court accepted Holstons 
 guilty pleas and sentenced him to concurrent 15-year sentences.  
According to the sentencing sheets, Holston pled 
 guilty under indictments 2001-GS-02-770 and 2001-GS-02-771, which included only 
 the charges of first-degree CSC with a minor.  The indictments were not amended 
 to charge Holston with lewd act on a child.  The sentencing sheets, however, 
 refer to lewd act on a child as the crimes to which Holston pled guilty and 
 for which he was sentenced.  
LAW/ANALYSIS
On appeal, Holston asserts that because the offense 
 of lewd act on a minor is not a lesser-included offense of first-degree criminal 
 sexual conduct with a minor, the trial court lacked subject matter jurisdiction 
 to accept his guilty pleas to those charges.  We agree.
Except for certain minor offenses, the circuit 
 court does not have subject matter jurisdiction to hear a guilty plea unless 
 (1) there has been an indictment that sufficiently states the offense; (2) there 
 has been a waiver of presentment; or (3) the charge is a lesser included charge 
 of the crime charged.  Joseph v. State, 351 S.C. 551, 555, 571 S.E.2d 
 280, 282 (2002); see also Odom v. State, 350 S.C. 300, 
 302, 566 S.E.2d 528, 529 (2002) (holding that in the absence of an indictment, 
 there must be a valid waiver of presentment for the trial court to have subject 
 matter jurisdiction of the offense).  
Here, the State does not dispute that Holston was 
 never indicted for the charges of committing lewd acts on a minor; nor does 
 the State dispute that committing a lewd act upon a minor is not a lesser-included 
 charge of the originally indicted charges of first-degree CSC with a minor.  
 See Campbell v. State, 342 S.C. 100, 102, 535 S.E.2d 928, 929 
 (2000) (holding committing lewd act on a minor is not a lesser-included offense 
 of first degree CSC on a minor).  At issue is whether Holston effectively waived 
 presentment to the grand jury for each guilty plea to lewd act on a child.
The outcome of this case is controlled by this 
 courts recent decision in State v. Smalls, 354 S.C. 498, 581 S.E.2d 
 850 (Ct. App. 2003), petition for cert. filed (July 24, 2003).  In Smalls, 
 the accused had been indicted by a grand jury for second-degree lynching.  He 
 pled guilty to assault and battery of a high an aggravated nature (ABHAN) rather 
 than the lynching charge, and the trial court accepted his guilty plea.  Id. 
 at 499, 581 S.E.2d at 851.  
As in the instant case, the indictment in Smalls 
 was never amended to charge the accused with the different crime for which the 
 plea was entered.  The sentencing sheet, however, expressly referred to ABHAN 
 as the crime to which the accused pled guilty and was sentenced.  Id. 
 at 500, 581 S.E.2d at 851.  Because ABHAN was not a lesser-included offense 
 of second-degree lynching, the lynching indictment was never amended, and no 
 new indictment for ABHAN was prepared, the critical issue was whether the accused 
 had effectively waived presentment on the charge of ABHAN.  Id. at 500-01, 
 581 S.E.2d at 851-52.
The court ruled the plain language of the statutes 
 governing acceptance of guilty pleas, S.C. Code Ann. §§ 17-23-130 to -140 (2003), 
 together with case law regarding guilty pleas requires preparation of a formal 
 indictment as a condition precedent to a valid waiver of presentment.  Smalls, 
 354 S.C. at 503, 581 S.E.2d at 853.  Accordingly, the court held:  Inasmuch 
 as no indictment was prepared charging [the accused] with ABHAN as required 
 by statute, no valid waiver of presentment to the grand jury could have been 
 accomplished and, in turn, the trial court was without jurisdiction to accept 
 the guilty plea.  Id.  The court concluded that [b]ecause parties 
 cannot confer subject matter jurisdiction by consent, [the accuseds] signature 
 on the sentencing sheet was insufficient absent an indictment charging him with 
 ABHAN.  Id. (quoting State v. Grim, 341 S.C. 63, 66, 533 S.E.2d 
 329, 330 (2000)). 
Because the circumstances surrounding the indictment 
 and guilty plea process in the present case mirror those of the Smalls 
 case in every material respect, we find the same outcome is compelled here.  
 In order for Holstons signature to effectively waive presentment, the CSC indictments 
 against him should have been amended or new indictments charging him with committing 
 a lewd act on a minor should have been drafted.  Simply listing the lewd act 
 charge on the sentencing sheet signed by Holston did not satisfy the statutory 
 requirements. 
For the above reasons and in light of this courts 
 ruling in State v. Smalls, we find the trial court lacked subject matter 
 jurisdiction to accept Holstons guilty pleas.
VACATED.
 HOWARD, J., concurs.
KITTREDGE, J., concurs in a separate 
 opinion.
KITTREDGE, J.:  I concur only because I 
 am bound by the panel decision of this court in Smalls v. State, 354 
 S.C. 498, 581 S.E.2d 850 (Ct. App. 2003), petition for cert. filed (July 
 24, 2003).  
Kenneth Holston was properly indicted in Aiken 
 County for two counts of first-degree criminal sexual conduct with a minor.  
 Following negotiations, he pled guilty to two counts of committing lewd acts 
 on a minor.  Holston received concurrent fifteen-year prison terms, concurrent 
 with a prior twenty-year sentence for second-degree criminal sexual conduct 
 with a minor.
The record is clear that at the time of the guilty 
 plea proceeding, all parties, including the able circuit judge, fully understood 
 that the offense of committing a lewd act on a minor is not a lesser included 
 offense of criminal sexual conduct with a minor. See State v. Campbell, 
 342 S.C. 100, 102, 535 S.E.2d 928, 929 (2000) (stating [c]ommitting a lewd 
 act on a minor is not a lesser included offense of first degree criminal sexual 
 conduct on a minor).  The circuit court conducted a proper voir dire 
 of Holston.  He was advised of his federal constitutional rights, as well as 
 his right to present the new charges to the grand jury.  Holston waived all 
 of these rights.  Furthermore, he signed the sentencing sheet expressly Waiv[ing] 
 Presentment to Grand Jury. [2] 
In Smalls v. State, a panel of this court 
 held that this common practice of acquiring subject matter jurisdiction in the 
 general sessions courts of South Carolina is no longer sufficient.  See 
 Smalls, 354 S.C. at 503, 581 S.E.2d at 853.  Smalls construes 
 S.C. Code Ann. § 17-23-130 and 140 as mandating the preparation of a formal 
 indictment as a condition precedent to a valid waiver of presentment.  Id.  
 In light of this courts decision in State v. Smalls, I concur. 

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]         South Carolina Court Administration, pursuant to the February 
 5, 1999 order of the South Carolina Supreme Court, issued the uniform sentencing 
 sheet used here.  This sheet serves many important functions, two of which 
 warrant mention.  First, it satisfies the requirement that a waiver, to be 
 valid, must be in writing.  Second, it provides necessary tracking information, 
 such as applicable offense and CDR Code, regardless of the reference in the 
 caption to the number assigned to the original indictment.