THIS OPINION HAS NO PRECEDENTIAL VALUE.  
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS 
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Sean Maddox,       
Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-203
Submitted January 29, 2004  Filed March 
 24, 2004

DISMISSED IN PART, VACATED IN PART

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary,  S.C. Office 
 of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Sean Maddox (Appellant) pled 
 guilty to second-degree criminal sexual conduct (CSC) with a minor and pointing 
 and presenting a firearm.  He was sentenced to concurrent prison terms of ten 
 years for the CSC offense and three years for the firearm offense.
On appeal, counsel for Appellant has filed a final 
 brief along with a petition to be relieved as counsel.  Appellant has not filed 
 a pro se response.  After a thorough review of the record pursuant 
 to Anders v. California, 386 U.S. 738 (1967) and State v. Williams, 
 305 S.C. 116, 406 S.E.2d 357 (1991), we found the transcript of the plea proceedings 
 indicated Appellant had orally waived presentment of the indictments to a grand 
 jury, but the indictments in the record were left blank in the section for waiving 
 presentment.  There were no written waivers of presentment elsewhere in the 
 record.  See State v. Lynch, 344 S.C. 635, 639, 545 S.E.2d 511, 
 513 (2001) (A circuit court has subject matter jurisdiction if:  (1) there 
 has been an indictment which sufficiently states the offense; (2) there has 
 been a waiver of indictment; or (3) the charge is a lesser included charge of 
 the crime charged in the indictment.); In re Matthews, 345 S.C. 638, 
 643 n.4, 550 S.E.2d 311, 313 n.4 (2001) (Lack of subject matter jurisdiction 
 can be raised at any time, can be raised for the first time on appeal, and can 
 be raised sua sponte by the court. (citation omitted)), cert. 
 denied, 535 U.S. 1062 (2002).
As part of its Anders review, the Court 
 obtained the sentencing sheets on the two charges.  There is a written waiver 
 of presentment on the sentencing sheet for the charge of pointing and presenting 
 a firearm.   Accordingly, the appeal as to this charge is dismissed.  As to 
 the charge of second-degree CSC with a minor, the sentencing sheet does not 
 contain a written waiver of presentment.  Consequently, we vacate the conviction 
 on the CSC charge as the circuit court did not have subject matter jurisdiction 
 to accept Appellants plea.  See Odom v. State, 350 S.C. 300, 
 566 S.E.2d 528 (2002) (holding section 17-23-140 of the South Carolina Code 
 requires a waiver of presentment to be in writing and a defendants oral waiver 
 is insufficient to bestow subject matter jurisdiction). 
Counsels petition to be relieved from further 
 representation is denied.
DISMISSED IN PART, VACATED IN PART. [1] 
GOOSLBY, HOWARD, and KITTREDGE, JJ., concur.

 
 
 [1]   This case is decided without oral argument pursuant to Rule 215, 
 SCACR.