THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Gilbert Cecil Barrs, Appellant.
 
 
 

Appeal From Lexington County
Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion No. 2004-UP-623
Submitted December 1, 2004  Filed December 
 10, 2004

VACATED

 
 
 
Assistant Appellate Defender 
 Eleanor Duffy Cleary, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor 
 Donald V. Myers, of Lexington, for Respondent.
 
 
 

 PER CURIAM:  Gilbert Cecil Barrs appeals his Alford 
 [1] plea to committing a lewd act on a minor, arguing the circuit court 
 lacked subject matter jurisdiction to accept his plea because he did not waive 
 presentment to the grand jury.  We agree and vacate his conviction and sentence. [2] 
FACTS AND PROCEDURAL HISTORY
Barrs was indicted on three counts of first-degree criminal sexual conduct 
 with a minor for allegedly molesting the daughter of a couple he was living 
 with.  Pursuant to a plea agreement with the State, he entered an Alford 
 plea to committing a lewd act on a minor and the State nol prossed the remaining 
 CSC indictments.  The trial judge sentenced him to ninety days, with credit 
 for time served while awaiting trial.  
DISCUSSION           
Except for certain minor offenses, the circuit court does not have subject 
 matter jurisdiction to hear a guilty plea unless there has been an indictment, 
 a waiver of presentment to the grand jury, or unless the charge is a lesser-included 
 offense of the crime charged in the indictment.  Hopkins v. State, 317 
 S.C. 7, 9, 451 S.E.2d 389, 390 (1994); see also Odom v. State, 
 350 S.C. 300, 302, 566 S.E.2d 528, 529 (2002) (In the absence of an indictment, 
 there must be a valid waiver of presentment for the trial court to have subject 
 matter jurisdiction of the offense.); S.C. Code Ann. § 17-19-10 (2003).  Lack 
 of subject matter jurisdiction may not be waived, and may be raised at any time, 
 including on the courts own motion.  Campbell v. State, 342 S.C. 100, 
 101-02, 535 S.E.2d 928, 929 (2000).
The grand jury never indicted Barrs for the lewd act charge and Barrs did not 
 waive presentment to the grand jury.  Committing a lewd act on a minor is not 
 a lesser-included offense of first-degree criminal sexual conduct on a minor.  
 Id.; see also S.C. Code Ann. §§ 16-3-655(1) and 16-15-140 (2003).  
 Therefore, the trial court was without jurisdiction to accept Barrs plea to 
 the unindicted charge.  
VACATED.
ANDERSON, STILWELL, and SHORT, JJ., concur.

 
 
 [1]         North Carolina v. Alford, 400 U.S. 25 (1970). 

 
 
 [2]         We decide this case without oral argument pursuant to Rule 
 215, SCACR.