THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Petitioner,
 
 
 

v.

 
 
 
 Kenneth Holston, Respondent.
 
 
 

 ON WRIT OF CERTIORARI
 
 TO THE COURT OF APPEALS

Appeal From Aiken County
 James C. Williams, Jr., Circuit Court Judge

Memorandum Opinion No. 2005-MO-032
Submitted June 3, 2005  Filed June 20, 2005

VACATED

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior Assistant Attorney General Harold M. Coombs, Jr., of the Office of the Attorney General, and Solicitor Barbara R. Morgan, of Aiken, for Petitioner.
 Senior Assistant Appellate Defender Wanda H. Carter, of the South Carolina Office of Appellate Defense, for Respondent.
 
 
 

PER CURIAM:  The State seeks a writ of certiorari following the denial of its petition for rehearing to the Court of Appeals.  We grant the petition, dispense with further briefing, and vacate the decision of the Court of Appeals.
Respondent was indicted for two counts of criminal sexual conduct (CSC) with a minor in the first degree.  He pled guilty to committing a lewd act on a child on both indictments.  Separate indictments charging respondent with committing a lewd act on a child were not prepared and the original CSC indictments were not amended to reflect the lewd act charges to which respondent was pleading guilty.  Rather, the lewd act charges were noted on respondents sentencing sheets along with his signed waiver of presentment to those charges.   Respondent received concurrent fifteen year terms of imprisonment.
The Court of Appeals, relying on its prior decision in State v. Smalls, 354 S.C. 498, 581 S.E.2d 850 (Ct. App. 2003), found that simply listing the lewd act charge on the sentencing sheets signed by respondent did not satisfy the requirements governing acceptance of guilty pleas and vacated respondents pleas for lack of subject matter jurisdiction.  State v. Holston, Op. No. 2003-UP-593 (S.C. Ct. App. filed October 9, 2003).  
The State contends the Court of Appeals erred in finding the circuit court without subject matter jurisdiction to accept respondents guilty pleas.  Specifically, the State argues that after the grand jury returned a true bill it was not necessary to prepare a new indictment for respondent to waive presentment and plead guilty to the lewd act charges.  We agree.  
In State v. Smalls, Op. No. 25988 (S.C. Sup. Ct. filed May 23, 2005) (Shearouse Adv. Sh. No. 21 at 37), the Court ruled upon this very issue.  The Court held that signing a sentencing sheet for a charge to which a defendant has pled guilty constitutes a valid written waiver of presentment.  The material facts of this case are identical to Smalls.  Accordingly, respondents signed sentencing sheet constitutes a valid waiver of presentment and the Court of Appeals erred in vacating his guilty pleas for lack of subject matter jurisdiction.  We therefore vacate the opinion of the Court of Appeals.   
VACATED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.