THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 State of South
 Carolina, Respondent,
 
 
 

v.

 
 
 
 Rebekah Rogers, Appellant.
 
 
 

Appeal from Florence County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No.  2011-UP-463  
 Heard September 14, 2011  Filed October
19, 2011

AFFIRMED

 
 
 
 Patrick James McLaughlin, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Senior Assistant Attorney General Harold Coombs, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: A municipal court jury found Rebekah
 Rogers guilty of shoplifting.  Rogers appealed to the Florence County Court of
 Common Pleas, which affirmed the conviction.  We affirm.
1. As to
 Rogers' argument that a uniform traffic ticket was insufficient to confer
 jurisdiction on the municipal court to try the shoplifting charge, we hold that
 it was incumbent on her to raise this issue before the jury was sworn in order
 to preserve this issue for appeal.  See State v. Gentry, 363 S.C.
 93, 101, 610 S.E.2d 494, 499 (2005) ("[I]f an indictment is challenged as
 insufficient or defective, the defendant must raise that issue before the jury
 is sworn and not afterwards."); id. at 106, 610 S.E.2d at 501
 (expressly overruling Odom v. State, 350 S.C. 300, 566 S.E.2d 528
 (2002), wherein the South Carolina Supreme Court held that the absence of a charging
 document could not be cured by an oral waiver of presentment during a guilty
 plea).  
2. As to
 the merits of whether service of the uniform traffic ticket on Rogers conferred
 jurisdiction on the municipal court to try her on the shoplifting charge, we
 hold that notwithstanding the requirement in South Carolina Code section
 22-3-710 (2007) that "[a]ll proceedings before magistrates in criminal
 cases shall be commenced on information under oath, plainly and substantially
 setting forth the offense charged, upon which, and only which, a warrant of
 arrest [shall] issue," the South Carolina legislature has conferred authority
 on the summary courts to dispose of criminal matters such as the shoplifting
 charge at issue in this appeal.  See S.C. Code Ann. § 14-25-45 (Supp.
 2010) ("The [municipal] court shall also have all such powers, duties and
 jurisdiction in criminal cases made under state law and conferred upon
 magistrates."); S.C. Code Ann. § 16-13-110 (2003) (stating a shoplifting
 charge is triable in magistrate's court "if the value of the shoplifted
 merchandise is one thousand dollars or less")[1]; S.C. Code Ann. § 56-7-10 (2006 &
 Supp. 2010) (omitting shoplifting from a list of offenses for which a uniform
 traffic ticket is required to effect an arrest, but also providing that "[t]he
 service of the uniform traffic ticket shall vest all traffic,  recorders', and
 magistrates' courts with jurisdiction to hear and dispose of the charge for
 which the ticket was issued and served"); S.C. Code Ann. § 56-7-15 (2006
 & Supp. 2010) (allowing law enforcement to use a uniform traffic ticket
 "to arrest a person for an offense committed in the presence of a law
 enforcement officer if the punishment is within the jurisdiction of magistrates
 court and municipal court").
3. Regarding
 Rogers' complaints that the circuit court erred in finding that the State
 complied with the requirement in section 56-7-15(A) of the South Carolina Code
 (2006) to furnish certain information to the State Law Enforcement Division and
 that this alleged error resulted in an improper conclusion that the
 prerequisites for subject matter jurisdiction were met, we hold that because these
 issues were not raised during the municipal court proceedings, they were not
 preserved for appeal.  See State v. Oxner, 391 S.C. 132, 134, 705
 S.E.2d 51, 52 (2011) ("Even though subject matter jurisdiction may be
 raised at anytime [sic], there is no error preservation exception allowing a
 party to bypass calling an erroneous ruling to the attention of the tribunal making
 it before appealing that ruling to a higher court.").
4. As to
 Rogers' argument that section 56-7-15 is unconstitutional because it allows an
 arrest without the presentation of information under oath, we hold Rogers has
 not preserved this issue for appeal because it was not made during the
 municipal court hearing.  See State v. Sheppard, 391 S.C. 415,
 423, 706 S.E.2d 16, 20 (2011) (holding the defendant's argument that a statute
 was an unconstitutional ex post facto law was not preserved for appellate review
 because it was not raised during the proceedings below).  In any event, based
 on the arresting officer's testimony about his observations that indicated to
 him Rogers was attempting to conceal merchandise in order to avoid paying for
 it, we hold the arrest was proper.  See State v. Martin, 275 S.C.
 141, 145, 268 S.E.2d 105, 107 (1980) (stating an officer can "arrest for a
 misdemeanor, without a warrant, where the facts and circumstances within his
 observation give him probable cause to believe that the crime has been freshly
 committed").
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1]  Section 16-13-110 was amended in 2010; however, the
 incident and subsequent trial took place in 2009.