STATE v. SHEPPARD.

1. PLEADINGS—INDICTMENT—MOTION TO QUASH—DISCRETION—APPEAL.—A motion to quash an indictment' is generally addressed to the discretion of the Court, and is not ordinarily appealable.

2. IBID.—IBID.—Three misdemeanors may be charged in so many separate counts in one indictment.

3. PRACTICE—INDICTMENT—CRIMINAL LAW.—Where several offenses grow out of the same transaction, the proper practice is to instruct the jury to pass upon the several counts separately; but if several offenses charged do not grow out of same transaction, solicitor should elect upon which count he would proceed.

4. CRIMINAL LAW—PUNISHMENT—SENTENCE—DISCRETION.—So long
as a Circuit Judge keeps within the prescribed limits in sentencing a
person convicted of crime, his action is discretionary.
5. IBID.—IBID.—IBID.—The sentence here imposed *held* not to be "ex-
cessive" or "cruel or unusual."

Before TOWNSEND, J., Lexington, February, 1898.    Af-
firmed.

Indictment against John Sheppard, Monroe Seay and
Hampton Rawl.    From verdict and sentence, defendants,
Seay and Rawl, appeal.

*Messrs. G. T. Graham* and *P. H. Nelson,* for appellants,
cite: *Indictment should have been quashed:* 2 McC., 257.
*Indictment charging three different and distinct offenses, at
different and distinct places, solicitor should have been re-
quired to elect* 24 S. C., 142.    *Cruel or unusual punishment
shall not be inflicted:* Art. 1, sec. 19, and sec. 5 of Con.

*Assistant Attorney General,* contra (oral argument).

Feb. 1, 1899.    The opinion of the Court was delivered by
MR. CHIEF JUSTICE MCIVER.    The indictment under
which these defendants were tried contains three counts.    In
the first, the offense charged was riot; in the second, the of-
fense charged was assault with intent to kill; and in the third
count, the offense charged was disturbing a religious con-
gregation.    In the first count, the offense was alleged to
have been committed "at Countsville African Methodist
Episcopal Church, in the county of Lexington and State
aforesaid;" in the second count, the offense was alleged to
have been committed "at Lexington Court House, in the
State aforesaid;" and the third count, the offense was alleged
to have been committed "at Countsville African Methodist
Episcopal Church, in the county of Lexington and State of
South Carolina"—all on the same day, to wit: the 20th of
June, 1897.    When the case was called for trial, the defend-
ants moved to quash the indictment upon the ground that it

charges three offenses, which were improperly joined in the same indictment. The motion was overruled, and thereupon a motion was made requiring the solicitor to elect as to which one of the counts in the indictment he would proceed to try the defendants. That motion was likewise refused, and the trial proceeded, resulting in a verdict finding the defendant, John Sheppard, guilty of assault with intent to kill, and disturbing a religious congregation, and finding the other two defendants guilty of disturbing a religious congregation. The Court then proceeded to sentence the defendants, imposing the same punishment upon each of them. From this judgment defendants appeal upon five grounds, which are set out in the record, and need not be repeated here, as we propose to state and consider the questions which these grounds present, which are as follows: 1st. Was there error in refusing the motion to quash the indictment? 2d. Was there error in refusing the motion requiring the solicitor to elect upon which of the three counts he would proceed to try the defendants? 3d. Was there error in imposing the same sentence on each of the three defendants? The "Case" as prepared for argument here is very meagre, as it contains nothing but a copy of the indictment; a brief statement of what was said by the Circuit Judge in refusing the two motions above mentioned; the grounds of appeal; the verdict of the jury, and the sentence of the Court. At the hearing before this Court the appeal, as to the defendant, Sheppard, was abandoned, and we are, therefore, only to consider the appeal as to the other two defendants.

As to the first question, we do not think there was any error in refusing the motion to quash the indictment. In the first place, such a motion is generally addressed to the discretion of the Court, and is not, therefore, ordinarily appealable. *State* v. *Shirer*, 20 S. C., 392; 10 Ency. Pl. and Prac., 567. But even if it were, the fact that three misdemeanors were charged in separate counts in the same indictment affords no ground of excep-

tion to the indictment.    As is said in 10 Ency. Pl. and Prac., 547: "It is frequently laid down, as a general rule, that offenses of the same class and grade, or subject to the same mode of trial and the same punishment, or punishment of the same nature, as well as distinct offenses, with different degrees of punishment, the offenses themselves differing only in degree, but belonging to the same class of crimes, may be joined in separate counts."    So on page 549 of the same valuable work, it is said: "In prosecutions for misdemeanors several distinct offenses of the same kind, requiring punishment of like nature, may be joined in separate counts of the same pleading."    That this doctrine is recognized in this State, may be seen by reference to the case of the *State* v. *Smith,* 18 S. C., 149, where the cases in this State are reviewed.    See, also, the subsequent case of *State* v. *Woodard,* 38 S. C., 353.

As to the second question, we see no error in refusing the motion requiring the solicitor to elect upon which count he would proceed.    The rule upon this subject is thus stated in 10 Ency. Pl. and Prac., 551: "A motion to compel the State to elect upon which count it will proceed is addressed to the sound discretion of the Court, as a general rule, and its action thereon will not be interfered with unless the discretion has been used to the manifest injury of the defendant."    The rule in this State, as deduced from the cases of the *State* v. *Nelson,* 14 Rich., 169, and *State* v. *Scott.,* 5 S. C., 434, seems to be that, while distinct offenses may be charged in separate counts of the same indictment, the proper practice is, where the several offenses grow out of the same transaction, to instruct the jury to pass upon the several counts separately; but if the several offenses charged do not grow out of the same transaction, then the proper practice is to require the prosecuting officer to elect upon which count he will proceed.    In this case it has not been made to appear that the offenses charged in the several counts grew out of different transactions, and, on the contrary, it would seem from the allegations in the indictment,

that the several offenses charged all grew out of the conduct of the defendants at the Countsville African Methodist Episcopal Church, on 20th of June, 1897. The charge of the Circuit Judge is not set out in the "Case," and we can only infer from what does there appear, what was its purport. No exception is taken to the charge, and we must assume that it was unexceptionable. It being the duty of the Circuit Judge to instruct the jury to pass upon the several counts in the indictment, we must assume, in the absence of any imputation of error in this respect, that the Circuit Judge performed his duty; and in addition to this, it appears from the "Case" that the jury did not discriminate in their findings, as the verdict shows that they found the defendant, Sheppard, guilty under the second and third counts in the indictment, while the other two defendants were found guilty under the third count only; and none of the defendants were found guilty under the first count in the indictment. This shows conclusively that the jury were either properly instructed as to their duty in the premises, or that they not only knew, but performed their duty without instruction. Besides, as the two defendants, who are prosecuting this appeal (the defendant, Sheppard, having abandoned his appeal), were convicted under the third count in the indictment only, the practical effect, as to them, is the same as if there were no other count in the indictment; and hence they have no reason to complain.

The only remaining question to be considered is the third— whether there was error of law in imposing the same sentence upon each of the three defendants. It is not pretended that the Circuit Judge exceeded the prescribed limits of punishment for each or any of the offenses charged in the indictment; and as long as he keeps within those limits, the amount of the punishment imposed in any given case, is purely discretionary with the Circuit Judge. Such discretion is to be measured by the circumstances of each particular case; and this Court has no means of ascertaining whether such discretion has been properly

exercised—certainly not in the case before the Court, for the "Case" does not disclose any of the circumstances under which the alleged offenses were committed. The complaint of the two appellants, who are prosecuting this appeal, is based entirely upon the fact that, while they were convicted of only one of the offenses charged in the indictment, the punishment imposed upon them was the same as that imposed upon the defendant, Sheppard, who was convicted of two of the offenses charged in the indictment; and this, it is claimed, shows that the sentence imposed upon the defendants, Seay and Rawl, "is manifestly inequitable and unjust," and "is excessive and cruel." We do not see that this necessarily follows. It might, with equal propriety, be said that it shows that the punishment imposed upon the defendant, Sheppard, was altogether inadequate; and of this the appellants, Seay and Rawl, would have no right to complain. But as we have said, we do not know, and have no means of ascertaining, what was the conduct of each of the several parties upon the occasion in question, while the Circuit Judge did have before him all the facts and circumstances attending the conduct of the several parties, and was, therefore, in a much better position to award the proper punishment to each of the offenders, and we cannot assume, in the absence of any evidence as to these matters, that the Circuit Judge abused the discretion with which he was invested. All that we know is that these appellants were convicted of the very grave offense of disturbing a religious congregation while engaged in the worship of Almighty God, and were sentenced each to "pay a fine of $100 and be imprisoned in the county jail for one year at hard labor, or be confined at hard labor in the State penitentiary for one year," and we certainly cannot say that such a fine was "excessive," or that the punishment inflicted was either "cruel or unusual."

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.