613 S.E.2d 754

**The STATE, Petitioner,**

v.

**Delbert L. SMALLS, Respondent.**

**No. 25988.**

Supreme Court of South Carolina.

Heard Oct. 19, 2004.

Decided May 23, 2005.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and Solicitor Ralph E. Hoisington, of Charleston, for Petitioner.

Assistant Appellate Defender Robert M. Pachak, of Columbia, for Respondent.

Chief Justice TOAL:

We granted certiorari to review the court of appeals' decision in *State v. Smalls*, 354 S.C. 498, 581 S.E.2d 850 (Ct.App. 2003), in which the court held that the trial court lacked subject matter jurisdiction to accept a plea. We reverse.

### FACTUAL / PROCEDURAL BACKGROUND

Delbert Smalls (Defendant) was indicted by a grand jury for second-degree lynching. Defendant pled guilty to assault and battery of a high and aggravated nature (ABHAN),[1] a charge for which he was never indicted. Defendant signed a sentencing sheet, which indicated that he waived presentment to the

---

1. Defendant also pled guilty to possession of crack cocaine and possession of a stolen vehicle, and he was sentenced as a youthful offender not to exceed five years. These charges are not at issue in this appeal.

346

grand jury and pled guilty to the charge. The sentencing sheet also referenced the indictment for lynching but acknowledged that Defendant, "in disposition of said indictment," pled to ABHAN. He was sentenced as a youthful offender for a term not to exceed six years. Defendant appealed.

On appeal, Defendant contended that the circuit court lacked jurisdiction to accept the guilty plea for ABHAN because Defendant was never indicted for ABHAN. The court of appeals vacated Defendant's plea, holding that Defendant could not effectively waive the indictment for ABHAN because he was never indicted for that charge. The State's motion for rehearing was denied. This Court granted certiorari.

The issue before this Court is as follows:

Does a court have subject matter jurisdiction to accept a guilty plea to a charge for which a defendant has not been indicted, and where the defendant signs a sentencing sheet acknowledging a waiver of presentment to the grand jury?

## LAW / ANALYSIS

■ Defendant argues that the trial court did not have subject matter jurisdiction to accept a guilty plea. We disagree.

We address this issue in light of this Court's recent decisions in *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005) and *Evans v. State*, 363 S.C. 495, 611 S.E.2d 510 (2005). In these cases, we abandoned the view that, in criminal matters, the circuit court acquires subject matter jurisdiction to hear a particular case by way of a valid indictment. The court of general sessions has subject matter jurisdiction to try criminal cases. *Gentry*, 363 S.C. at 101, 610 S.E.2d at 499 (citing S.C. Const. Art. I, § 11, which states that the circuit court is the general trial court with original jurisdiction in civil and criminal matters).

■ Although an indictment does not confer subject matter jurisdiction, due process requires that a criminal defendant be properly served with a valid indictment. The indictment is a notice document that is required by our state constitution and statutes. *Evans*, 611 S.E.2d at 517. "The primary pur-

poses of an indictment are to put the defendant on notice of what he is called upon to answer, *i.e.,* to appraise him of the elements of the offense and to allow him to decide whether to pled guilty or stand trial." *Evans,* 611 S.E.2d at 517. Accordingly, challenges to the sufficiency of an indictment must be raised before a jury is sworn. *Gentry,* 363 S.C. at 101, 610 S.E.2d at 499.

■ If the challenge is raised before the jury is sworn, the circuit court should judge the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged. *Gentry,* 363 S.C. at 102–03, 610 S.E.2d at 500 (citing *State v. Wilkes,* 353 S.C. 462, 465, 578 S.E.2d 717, 719 (2003)).

■■ We hold that signing a sentencing sheet for a charge to which a defendant has pled guilty constitutes a written waiver of presentment. Moreover, a signed document that informs a defendant of the charges against him, such as a sentencing sheet, gives rise to a presumed regularity in the proceedings and signifies that the defendant has been notified of the charges to which he has pled guilty.

In a criminal case, a defendant who chooses to plead guilty has ample opportunity to be fully notified of the charges he is pleading guilty to. First, a defendant may check a box on the sentencing sheet to indicate a waiver of presentment of the indictment to the grand jury. Second, a defendant may check a box to indicate that he wishes to plead guilty. In addition, a defendant may sign the sentencing sheet, indicating the defendant is informed of the choices and has selected the box that corresponds to the course of action the defendant wants to take in the case. As a result, we believe that all of these factors indicate that the Defendant had notice of the charges to which he chose to plead guilty.

In the present case, Defendant signed a sentencing sheet indicating that he waived presentment of the indictment to the grand jury. However, Defendant pled guilty to a charge for

which an indictment was not prepared.[2]  But, we believe that aforementioned factors were present to provide Defendant with proper notice.  Therefore, we hold that Defendant had notice of the charges to which he pled guilty.

## CONCLUSION

Accordingly, a defendant may waive presentment by signing a sentencing sheet that indicates the crime charged.  Moreover, it is not necessary to prepare another indictment for the charge to which Defendant plead guilty.  A signed document gives rise to a presumed regularity in the proceedings that the defendant was informed of the charges against him.  The court of appeals' decision is REVERSED and the conviction and sentence are AFFIRMED.

MOORE, WALLER, and BURNETT, concur.

PLEICONES, JJ., concurring in a separate opinion.

Justice PLEICONES concurring:

I agree with the majority that the Court of Appeals erred in vacating respondent's guilty plea, but write separately because I adhere to my dissenting position expressed in *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).  In my opinion, the circuit court lacks subject matter jurisdiction to accept a guilty plea unless the Grand Jury has returned a True Bill, or unless the defendant executes a written waiver of presentment prior to the trial court's acceptance of the plea.  S.C Const. art. I, § 11; S.C.Code Ann. §§ 17–23–130 and –140 (2003).

Here, the State relies upon respondent's signature on a sentencing sheet that contains all the information necessary for a valid waiver of presentment to meet the statutory requirements[3].  While there is nothing in the record that indicates when the sentencing sheet was signed, in the absence of evidence to the contrary, proceedings in the court of general sessions are presumed to have been regular.  *E.g.,*

---

2.  In the words of the circuit court judge, Defendant was "pleading down" to the charge.

3.  I disagree with the Court of Appeals that the Constitution and the statutes require the preparation of an indictment as a prerequisite to a waiver of presentment.

*Pringle v. State*, 287 S.C. 409, 339 S.E.2d 127 (1986). Applying this presumption, I conclude respondent failed to meet his burden of showing there was no valid waiver of presentment. For this reason, I concur in the majority's decision to reverse the Court of Appeals.