THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 The
 State,        Respondent,
 
 
 

v.

 
 
 
 Anthony Ryan
 Henderson,        Appellant.
 
 
 

Appeal From Spartanburg County
Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No.
2005-UP-526
Submitted September 1, 2005  Filed September 15, 2005

AFFIRMED

 
 
 
 Acting Deputy Chief Attorney
 Wanda H. Carter, Office of Appellate Defense, of Columbia,
 for Appellant.
 Attorney General Henry
 Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott
 Assistant Attorney General
 David A. Spencer, Office of the Attorney General, all of Columbia;
 and Solicitor Harold W. Gowdy, III, of Spartanburg,
 for Respondent.
 
 
 

PER CURIAM:  In July
2003, Anthony Ryan Henderson, pled guilty to several charges, including
malicious injury to personal property of less than $1,000.  Hendersons appellate counsel filed an Anders
brief, attaching to the brief a petition to be relieved as counsel stating that
she had reviewed the record and concluded the appeal lacked merit.  This
court denied the petition to be relieved and ordered the parties to brief the
issue of whether the plea court had subject matter jurisdiction to accept
appellants guilty plea to malicious injury to personal property less than
$1,000.  We now affirm pursuant to Rule 220(b), SCACR and the following
authorities:  State v. Gentry, 363 S.C. 93, 102 n.6, 610 S.E.2d 494,
499 n.6 (2005) ([A] presentment of an indictment or a waiver of presentment
is not needed to confer subject matter jurisdiction on the circuit court. . .
.  A defendant must object if he is not presented with the indictment or if
he has not waived his right to presentment.  If the defendant does not
object, he is deemed to have waived the right to presentment.); State v.
Smalls, ___ S.C. ___, ___, 613 S.E.2d 754, 756 (2005) (holding that signing
a sentencing sheet for a charge to which a defendant has pled guilty constitutes
a written waiver of presentment.).
AFFIRMED.1
ANDERSON, HUFF, and WILLIAMS, JJ.,
concur.

1 We decide this case without oral argument pursuant to Rule 215,
SCACR.