THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Larry Moseley, Respondent,
v.
State of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Aiken County
Jackson V. Gregory, Circuit Court Judge

Memorandum Opinion No. 2005-MO-050
Submitted September 19, 2005 - Filed October 10, 2005

REVERSED

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, for Petitioner.
Assistant Appellate Defender Robert M. Dudek, of S.C. Office of Appellate Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The State seeks a writ of certiorari to review the order of the circuit court granting respondents application for post-conviction relief (PCR) and vacating respondents conviction for committing a lewd act on a minor for lack of subject matter jurisdiction.  We grant the States petition, dispense with further briefing, and reverse the decision of the PCR judge.
Respondent was originally indicted for first degree criminal sexual conduct with a minor.  He executed a written waiver of presentment and entered an Alford plea to committing a lewd act on a minor.  No new indictment for committing a lewd act was prepared.
The PCR judge relied on State v. Smalls, 354 S.C. 498, 381 S.E.2d 850 (Ct. App. 2003), in finding that there was no subject matter jurisdiction because respondent waived presentment on a sentencing sheet and the lewd act charge was not a lesser included offense of the indicted charge of first degree criminal sexual conduct with a minor.  However, this Court has reversed the Court of Appeals decision in Smalls, holding that a defendant may waive presentment by signing a sentencing sheet that indicates the crime charged without the necessity of preparing another indictment for the charge to which the defendant pled guilty. 
State v. Smalls, 364 S.C. 343, 613 S.E.2d 754 (2005).
Further, no objection was made to the waiver of presentment at trial.  In State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005), this Court held that subject matter jurisdiction refers to the power of the court to hear and determine cases of the general class to which the proceedings belong.  Accordingly, a defective indictment procedure does not deprive the court of subject matter jurisdiction.  Because the PCR judge erred in finding that the lack of a new indictment deprived the circuit court of subject matter jurisdiction, we reverse the decision of the PCR judge.
 REVERSED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.