642 S.E.2d 738

**Erasmus EDWARDS, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26284.**

Supreme Court of South Carolina.

Submitted Feb. 14, 2007.

Decided March 12, 2007.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Robert L. Brown, all of Columbia, for Petitioner.

Appellate Defender Robert M. Pachak, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.

Justice BURNETT.

In this post-conviction relief (PCR) case, we granted the State's petition for writ of certiorari to review the grant of relief to Erasmus Edwards (Respondent). We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent pleaded guilty to second offense trafficking in crack cocaine and third offense possession with intent to distribute (PWID) crack cocaine. The plea judge sentenced Respondent to fifteen years' imprisonment for trafficking and

fifteen years for PWID, to be served concurrently.[1] No direct appeal was taken.

Respondent filed this PCR application alleging the plea court lacked subject matter jurisdiction to sentence him for second offence trafficking and third offense PWID. The PCR judge found the plea court lacked subject matter jurisdiction to sentence Respondent for second offense trafficking and third offense PWID because the indictments listed the statutory provisions for first offenses. The PCR judge resentenced Respondent to ten years' imprisonment for first offense trafficking in crack cocaine and to fifteen years for first offense PWID crack cocaine.

## ISSUE

Did the PCR judge err in finding the plea court did not have subject matter jurisdiction to sentence Respondent for second offense trafficking in crack cocaine and third offense PWID crack cocaine?

## STANDARD OF REVIEW

In a PCR proceeding, the applicant bears the burden of establishing that he is entitled to relief. *Caprood v. State,* 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000). This Court will uphold the findings of the PCR judge when there is any evidence of probative value to support them. *Id.* at 109–10, 525 S.E.2d at 517. This Court will reverse the PCR judge's decision when it is controlled by an error of law. *Sheppard v. State,* 357 S.C. 646, 651, 594 S.E.2d 462, 465 (2004).

## LAW/ANALYSIS

The State argues the PCR judge erred in finding the plea court lacked subject matter. We agree.

---

1. Respondent also pleaded guilty to PWID crack cocaine within proximity of a school and second offense possession of marijuana. He was sentenced to ten years' imprisonment for PWID within proximity of a school and one year for possession of marijuana, to be served concurrently with his other sentences. These guilty pleas are not at issue in this PCR action.

 We address this issue in light of our decision in *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005). In *Gentry*, we abandoned the view that, in criminal matters, the circuit court acquires subject matter jurisdiction to hear a particular case by way of a valid indictment. 363 S.C. at 101, 610 S.E.2d at 499. "[S]ubject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." *Id.* at 100, 610 S.E.2d at 498. Issues related to subject matter jurisdiction may be raised at any time. *Id.* at 100, 610 S.E.2d at 498.

 In contrast, an indictment is a notice document. The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, *i.e.,* to apprise him of the elements of the offense and to allow him to decide whether to plead guilty or stand trial, and to enable the circuit court to know what judgment to pronounce if the defendant is convicted. *Id.* at 102–03, 610 S.E.2d at 500; S.C.Code Ann. § 17–19–20 (2003). A defendant must challenge the sufficiency of an indictment before the jury is sworn. *Gentry*, 363 S.C. at 101, 610 S.E.2d at 499; S.C.Code Ann. § 17–19–90 (2003).

In light of *Gentry*, Respondent raised an issue related to the sufficiency of the indictments in his PCR application, rather than an issue of subject matter jurisdiction. The plea court, as a court of general sessions, had subject matter jurisdiction to accept Respondent's guilty pleas and to sentence Respondent as a subsequent offender. *Gentry*, 363 S.C. at 101, 610 S.E.2d at 499; *see also State v. Smalls*, 364 S.C. 343, 346, 613 S.E.2d 754, 756 (2005) (finding the court of general sessions has subject matter jurisdiction to try criminal cases). Accordingly, the PCR judge erred in finding the plea judge did not have subject matter jurisdiction to accept Respondent's guilty pleas and to sentence Respondent.

## CONCLUSION

We reverse the PCR judge's grant of relief and uphold Respondent's convictions. We need not address the State's remaining issue. *See Hagood v. Sommerville*, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (appellate court need not

address remaining issues when resolution of prior issue is dispositive).

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.