THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Roger Dejon
 Smith, Appellant.
 
 
 
 
 

Appeal From Richland County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2010-UP-078
 Submitted February 1, 2010  Filed
February 2, 2010    

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Solicitor Warren B. Giese, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Roger
 Dejon Smith appeals his conviction for assault and battery of a high and
 aggravated nature (ABHAN).  Smith argues the trial court lacked subject matter
 jurisdiction over his guilty plea because it did not discuss his waiver of
 presentment during the guilty plea and failed to obtain a valid waiver of
 presentment on the record.  We
 affirm.[1]          
Article V, section 11 of the
 South Carolina Constitution grants circuit courts with original jurisdiction
 over all criminal cases:  

 The
 Circuit Court shall be a general trial court with original jurisdiction in
 civil and criminal cases, except those cases in which exclusive jurisdiction
 shall be given to inferior courts, and shall have such appellate jurisdiction
 as provided by law.  

See also State v. Gentry, 363 S.C. 93, 101, 610 S.E.2d
 494, 499 (2005) ("Circuit courts obviously have subject matter
 jurisdiction to try criminal matters.").  
Article I, section 11 of the
 South Carolina Constitution recognizes a defendant's right to be notified of
 any criminal charges made against him:

 No
 person may be held to answer for any crime the jurisdiction over which is not
 within the magistrate's court, unless on a presentment or indictment of a grand
 jury of the county where the crime has been committed . . . . The General
 Assembly may provide for the waiver of an indictment by the accused.

The South Carolina Supreme
 Court has repeatedly emphasized the presentment of an indictment and the trial
 court's subject matter jurisdiction in criminal cases are two distinct issues
 that are not dependent on each other.  See Gentry, 363 S.C. at
 101-02 n.6, 610 S.E.2d at 499 n.6 ("We note that a presentment of an
 indictment or a waiver of presentment is not needed to confer subject matter
 jurisdiction on the circuit court. However, an indictment is needed to give
 notice to the defendant of the charge(s) against him."); Evans v. State,
 363 S.C. 495, 509, 611 S.E.2d 510, 518 (2005) (citations omitted) ("A
 defendant has a constitutional right to demand that a grand jury which is
 properly established and constituted under the law consider the criminal
 allegations against him . . . . [However,] such a challenge does not implicate
 the subject matter jurisdiction of the circuit court."); State v.
 Smalls, 364 S.C. 343, 346, 613 S.E.2d 754, 756 (2005) ("Although an
 indictment does not confer subject matter jurisdiction, due process requires
 that a criminal defendant be properly served with a valid indictment.").   
Based on the case law cited
 above, we find that the trial court's failure to discuss Smith's waiver of
 presentment during his guilty plea did not invalidate the trial court's subject
 matter jurisdiction over his guilty plea.  Because circuit courts have original
 jurisdiction over all criminal matters, and Smith was charged with ABHAN by the
 State, the trial court had subject matter jurisdiction over Smith's guilty
 plea.  

AFFIRMED.
HUFF, A.C.J.,
 THOMAS, and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.