THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Eugene O.
 Boggans, Appellant.
 
 
 
 
 

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No.  2010-UP-181
 Submitted January 4, 2010  Filed March 1,
2010

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley
 W. Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia;
 Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Eugene O. Boggans appeals his guilty
 plea and sentence for criminal domestic violence, third offense.  On appeal,
 Boggans maintains the plea court lacked subject matter jurisdiction to accept
 his guilty plea because he was indicted for criminal domestic violence of a
 high and aggravated nature and criminal domestic violence, third offense is not
 a lesser included offense.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State
 v. Smalls, 364 S.C. 343,
 346, 613 S.E.2d 754, 756 (2005) (holding the circuit court does not obtain
 subject matter jurisdiction over a particular case through a valid indictment
 but rather receives original jurisdiction to try all criminal cases from the
 South Carolina Constitution); Evans v. State, 363 S.C. 495, 508-09, 611
 S.E.2d 510, 517 (2005) (finding because sufficiency of the indictment is not an
 issue of subject matter jurisdiction, the insufficiency cannot be raised at any
 time as the lack subject matter jurisdiction can); State v. Gentry, 363
 S.C. 93, 102, 610 S.E.2d 494, 500 (2005) (providing if the defendant wishes to
 object to the sufficiency of an indictment, he must do so before the jury is
 sworn); State v. Lee, 350 S.C. 125, 130, 564 S.E.2d 372, 375 (Ct.
 App. 2002) (holding an issue must be raised to and ruled upon
 by the trial court to be preserved for appellate review); State v. Means,
 367 S.C. 374, 385, 626 S.E.2d 348, 355 (2006) ("A defendant may waive a
 potential challenge to an indictment, just as he may waive any of his
 constitutional rights, by failing to raise the issue or by admitting the
 sufficiency of a particular indictment."); Smalls, 364 S.C. at
 347, 613 S.E.2d at 756 ("[S]igning a sentencing sheet for a charge to
 which a defendant has pled guilty constitutes a written waiver of presentment. 
 Moreover, a signed document that informs a defendant of the charges against
 him, such as a sentencing sheet, gives rise to a presumed regularity in the
 proceedings and signifies that the defendant has been notified of the charges
 to which he has pled guilty.").
AFFIRMED.
SHORT, THOMAS,
 and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.