**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jerome Watson, Appellant.

Appellate Case No. 2010-159988

––––––––––––––

Appeal From York County
John C. Hayes, III, Circuit Court Judge

––––––––––––––

Unpublished Opinion No. 2013-UP-312
Heard June 4, 2013 – Filed July 3, 2013

––––––––––––––

**AFFIRMED**

––––––––––––––

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

––––––––––––––

**PER CURIAM:** Jerome Watson was convicted of possession of heroin with intent to distribute (PWID heroin). He appeals, arguing the trial court erred in (1) permitting the State to proceed on an indictment that had not been presented to the grand jury and another indictment that reflected cocaine-related offenses instead of heroin-related offenses, (2) charging the jury and submitting a verdict form reflecting PWID heroin and purchasing heroin as two separate offenses, and (3) admitting expert witness testimony from an employee of the solicitor's office concerning how much heroin a dealer, as opposed to a user, would likely possess. We affirm.

1.      First, Watson asserts the trial court erred in permitting the State to proceed against him using one amended indictment that reflected PWID cocaine instead of PWID heroin and a second amended indictment that had not been presented to the grand jury. We disagree.

Generally, "[n]o person shall be held to answer in any court for an alleged crime or offense, unless upon indictment by a grand jury." S.C. Code Ann. § 17-19-10 (2003). An indictment is a "notice document," the primary purpose of which is "to put the defendant on notice of what he is called upon to answer, *i.e.*, to appraise him of the elements of the offense and to allow him to decide whether to ple[a]d guilty or stand trial." *State v. Smalls*, 364 S.C. 343, 346-47, 613 S.E.2d 754, 756 (2005) (citation and quotation marks omitted).

A trial court may amend an indictment if it finds "any variance between the allegations of the indictment and the evidence offered in proof thereof [at trial], . . . if such amendment does not change the nature of the offense charged." S.C. Code Ann. § 17-19-100 (2003). "The appropriate analysis is whether the amendment to the indictment changed the nature of the offense charged, not whether the amendment in any way surprised or prejudiced appellant." *State v. Guthrie*, 352 S.C. 103, 111, 572 S.E.2d 309, 314 (Ct. App. 2002) (citation and quotation marks omitted). A motion to quash an indictment falls within the sound discretion of the trial court. *State v. Sheppard*, 54 S.C. 178, 180, 32 S.E. 146, 147 (1899).

Here, the State prepared three versions of the indictment against Watson. The original indictment alleged Watson "did possess with intent to distribute . . . a quantity of Heroin," in violation of section 44-53-370 of the South Carolina Code. The first amended indictment added the offense of purchasing. Although the title of the first amended indictment referenced heroin, the description of the offense erroneously alleged Watson "did purchase, or possess with intent to distribute, . . .

a quantity of cocaine," also in violation of section 44-53-370.[1]  A grand jury true-billed both the original and first amended indictments.

Immediately before trial, the trial court approved additional amendments to the original indictment,[2] thereby creating the second amended indictment, which alleged Watson "did purchase or possess with the intent to distribute" a quantity of heroin in violation of section 44-53-370.  The second amended indictment was not presented to a grand jury.

We find the trial court did not err because the nature of the offense with which Watson was charged remained the same.  All versions of the indictment notified Watson he was charged with violating section 44-53-370 with regard to heroin, even if the first amended indictment erroneously recited statutory language concerning cocaine.  The offense of purchasing, which appeared in both the first and second amended indictments, was criminalized under the same statute and was subject to the same punishment as PWID heroin.  Consequently, the trial court's amendments did not change the nature of the offense charged.[3]

2.      Second, we find no error in the jury verdict form prepared by the trial court. Subsection 44-53-370(a)(1) of the South Carolina Code (Supp. 2012) states it is unlawful for any person to "purchase . . . or possess with the intent to . . . distribute . . . a controlled substance," including heroin.  Furthermore, a person who "knowingly or intentionally" possesses more than two grains of heroin "is prima facie guilty of violation of subsection (a)."  S.C. Code Ann. § 44-53-370(c), (d)(4) (Supp. 2012).  The trial court's instructions and verdict form accurately represented the jury's options.  As the trial court explained, the indictment against Watson alleged both PWID heroin and purchasing heroin, but the jury also could have found Watson guilty of the lesser-included offense of simple possession.  PWID

---

[1] Subsections 44-53-370(d) and (e) of the South Carolina Code (Supp. 2012) describe offenses involving heroin and cocaine.  The first amended indictment also referenced section 44-53-375, which describes offenses involving crack cocaine. S.C. Code Ann. § 44-53-375 (Supp. 2012); *see also* S.C. Code Ann. § 44-53-110 (Supp. 2012) (stating "cocaine base" is another name for crack cocaine).

[2] At the time, the trial court was unaware of the first amended indictment, which was not in the court's file.

[3] Nevertheless, as the State conceded at oral argument, the assistant solicitor's handling of the amendments to Watson's indictment was, at best, sloppy.

heroin contains all of the elements required to prove simple possession; purchasing heroin does not. *See State v. Drafts*, 288 S.C. 30, 32, 340 S.E.2d 784, 785 (1986) ("A trial [court] is required to charge a jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser offense rather than the greater."); *State v. Burton*, 356 S.C. 259, 264, 589 S.E.2d 6, 8 (2003) (holding one offense is "a lesser included offense of another if 'the greater of the two offenses includes all the elements of the lesser offense'" (citation omitted)); *Hope v. State*, 328 S.C. 78, 81, 492 S.E.2d 76, 78 (1997) ("If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." (citation and quotation marks omitted)). Consequently, South Carolina law regards simple possession as a lesser-included offense of PWID heroin but not of purchasing heroin. By requiring the jury to address PWID heroin and purchasing heroin separately, the trial court ensured the jury (1) understood the lesser-included relationship existed only between simple possession and PWID heroin and (2) examined the evidence of purchasing heroin separately.

3. Finally, we find Watson failed to preserve for appellate review the issue of whether the trial court erred in admitting expert witness testimony from an employee of the solicitor's office concerning how much heroin a dealer, as opposed to a user, would likely possess. A party may not argue one ground on appeal after arguing a different ground to the trial court. *State v. Haselden*, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003); *see also State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (stating an issue not raised to and ruled upon by the trial court is not properly before the appellate court). The record reflects Watson made three objections during the in camera examination of Commander Brown, namely, that the trial court should not qualify the commander as an expert witness because he (1) was not disclosed as a witness prior to trial, (2) had no personal involvement in this case, and (3) had no demonstrated expertise in heroin. Before the jury, Watson renewed his objection only when Commander Brown testified regarding the quantity of heroin one might expect to find in a "vindle." He was silent when, three questions later, Commander Brown addressed the quantity of heroin a user or a dealer might possess. In this context, we find Watson grounded his renewed objection on Commander Brown's expertise in street packaging of heroin. Watson did not raise to the trial court his argument concerning the number of "vindles" one might find on a user versus a dealer or his contention an average juror would know this information. Accordingly, the challenges he makes to this testimony on appeal are unpreserved for our review.

For the foregoing reasons, the decision of the trial court is

**AFFIRMED.**

**FEW, C.J., LOCKEMY, J., and CURETON, A.J., concur.**