**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Elizabeth M. Dinkins, Appellant.

Appellate Case No. 2012-208407

Appeal From Colleton County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2014-UP-337
Submitted July 1, 2014 – Filed September 24, 2014

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

**PER CURIAM:**  In 2011, a grand jury indicted Dinkins for forgery.  The face of the indictment stated Dinkins was indicted for "Forgery/Forgery, value less than $5,000."[1]  The relevant code section was listed as Section 16-13-10(B)(2) of the South Carolina Code.  On the reverse side of the indictment, it stated Dinkins "did forge the name of the manager of Title Max of Hampton on a Satisfaction of Title Lien to [the] Department of Motor Vehicles and did receive the sum of none; all in violation of [s]ection 16-13-10."  The State presented evidence at trial that Dinkins entered the Department of Motor Vehicles and presented a fraudulent lien satisfaction form.  Tamika White, a store manager for Title Max, testified Dinkins owed Title Max a loan valued at a little over $4,000,[2] and the loan was secured by a lien on Appellant's vehicle.  The jury convicted Dinkins of forgery, and the trial court sentenced her to two years' imprisonment.

On appeal, Dinkins argues the circuit court lacked subject matter jurisdiction because section 16-13-10(C) of the South Carolina Code (Supp. 2013) confers exclusive jurisdiction to the magistrate's court and municipal court when a forgery does not involve a dollar amount.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Const. art. V, § 11 ("The [c]ircuit [c]ourt shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law."); *State v. Smalls*, 364 S.C. 343, 346, 613 S.E.2d 754, 756 (2005) ("The [circuit court] has subject matter jurisdiction to try criminal cases."); S.C. Code Ann. § 16-13-10(B)(2) (Supp. 2013) (providing that a person who commits forgery "is guilty of a . . . felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than five years, or both, if the amount of the forgery is less than [$10,000]"); *Edwards v. State*, 372 S.C. 493, 496, 642 S.E.2d 738, 739 (2007) ("In *Gentry*, we abandoned the view that, in criminal matters, the circuit court acquires subject matter jurisdiction to hear a particular case by way of a valid indictment." (citing *State v.*

---

[1] We note that the forgery statute was amended in June 2010.  The 2010 amendment changed the amount of forgery in Section 16-13-10(B)(2) from "less than [$5,000]" to "less than [$10,000]."  Dinkins's 2011 indictment contains the outdated language, but we find this inconsistency has no bearing on the disposition of this case.

[2] Although Dinkins seems to be challenging the sufficiency of the evidence proving the value of the forged lien satisfaction form was $4,000, we note Dinkins did not raise this argument in her motion for a directed verdict.

*Gentry*, 363 S.C. 93, 101, 610 S.E.2d 494, 499 (2005))); *Edwards*, 372 S.C. at 496, 642 S.E.2d at 739 (providing an indictment is merely a notice document); *State v. Sheppard*, 391 S.C. 415, 422, 706 S.E.2d 16, 19 (2011) ("[I]f an indictment is challenged as insufficient or defective, that challenge must be raised before the jury is sworn.").

**AFFIRMED.**[3]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.