**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerome Williams, Appellant.

Appellate Case No. 2017-001353

———————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-053
Submitted January 1, 2020 – Filed February 26, 2020

———————

**AFFIRMED**

———————

Jerome Williams, pro se.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————

**PER CURIAM:** Jerome Williams appeals an order denying his pro se motion to set aside his first-degree burglary conviction. Williams argues (1) his motion should have been addressed as a civil matter and transferred to the court of common pleas and (2) the court of general sessions lacked subject matter

jurisdiction to rule on his motion pursuant to Rule 60(b)(3) and (5), SCRCP.  We affirm the appealed order pursuant to Rule 220(b), SCACR, and the authorities cited below.

1.  First, we reject Williams's argument that the matter should have been transferred to the court of common pleas.  Under Article V, section 11 of the South Carolina Constitution, the circuit court is "a general trial court with original jurisdiction *in civil and criminal cases* . . . ."  (emphasis added).  Furthermore, although Williams referenced Rule 60(b), SCRCP, in his motion, the relief he sought concerned a criminal matter, namely the setting aside of his conviction and sentence.  *See State v. Smalls*, 364 S.C. 343, 346, 613 S.E.2d 754, 756 (2005) ("The court of general sessions has subject matter jurisdiction to try criminal cases."); *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005) ("[S]ubject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong."); *id.* at 101, 610 S.E.2d at 499 ("Circuit courts obviously have subject matter jurisdiction to try criminal matters.").  Therefore, we hold the circuit court, sitting as a court of general sessions, properly assumed jurisdiction over the motion.

2.  Second, because the motion was properly heard and adjudicated by the court of general sessions, Rule 60(b), SCRCP, was inapplicable.  *See* Rule 81, SCRCP (stating the South Carolina Rules of Civil Procedure "shall apply to every trial court of civil jurisdiction within this state").  Furthermore, we hold the circuit court acted within its discretion in denying Williams's motion.  *See* Rule 29(b), SCRCrimP (allowing a criminal defendant to move for a new trial based on after-discovered evidence); *State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the trial court, and [the appellate court] will not disturb the trial court's decision absent an abuse of discretion."); *State v. Cartwright*, 425 S.C. 81, 89-90, 819 S.E.2d 756, 760 (2018) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (quoting *State v. Douglas*, 369 S.C. 424, 429-30, 632 S.E.2d 845, 848 (2006))).  Here, the circuit court concluded it had no basis to vacate Williams's conviction, and that finding was supported by a court order showing the grand jury was to convene on the date stamped on the indictment that led to the conviction that Williams sought to set aside.  Therefore, the circuit court's conclusions had evidentiary support and were not controlled by an error of law, and the court did not abuse its discretion by refusing to set aside Williams's conviction and sentence.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.